United States Court of Appeals,

Eleventh Circuit.

No. 94-2288

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Rodney Cornelius BROWN, Defendant-Appellant.

March 16, 1995.

Appeal from the United States District Court for the Middle District of Florida. (No. 92-221-Cr-T-24), Francis J. Boyle, Visiting Judge.

Before EDMONDSON, COX and DUBINA, Circuit Judges.

PER CURIAM:

I.

A federal grand jury in the United States District Court for the Middle District of Florida returned a two-count indictment charging appellant Rodney C. Brown ("Brown") with one count of possession of a firearm while being a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e), and one count of possession of crack cocaine with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

Prior to trial, Brown filed a motion to suppress statements and evidence that law enforcement officers had obtained from Brown after they had conducted an investigatory stop of Brown's car. A United States magistrate judge conducted a hearing on Brown's motion and, following the hearing, the magistrate judge issued a report and recommendation recommending that Brown's motion be denied. The district court adopted the magistrate judge's report

and recommendation and denied the motion. Brown then filed a motion for severance of charges under Rule 14, Fed.R.Crim.P., arguing that he was "substantially and specifically prejudiced by the joinder of [the] offenses for trial." R1-28. The district court also denied this motion.

After a trial by jury, Brown was found guilty of both of the counts charged in the indictment. During his sentencing hearing Brown argued that he should not be subject to the enhanced penalty provisions of 21 U.S.C. § 851 because he had not been indicted for or waived indictment for the prior state offenses that triggered the application of those provisions. The district court rejected that argument and sentenced Brown to mandatory concurrent terms of life imprisonment. Brown then perfected this appeal.

## II.

The issues Brown presents in this appeal are (1) whether the district court erred in denying Brown's motion to suppress evidence; (2) whether the district court erred in denying Brown's motion to sever; and (3) whether 21 U.S.C. § 851(a)(2) requires that a predicate offense underlying a sentence enhancement must be the result of a prosecution by indictment.

Because we are persuaded by the record that there is no merit to any of the arguments Brown makes in support of the first two issues, we summarily affirm the district court's orders concerning them. Because the third issue presents a question of first impression in this circuit, it warrants discussion.

## III.

Brown was sentenced under the mandatory statutory minimum set

forth in 21 U.S.C. § 841(b)(1)(A). The statute directs that a defendant who has more than two prior convictions for a felony drug offense and subsequently is convicted of possession with intent to distribute more than five kilograms of cocaine is subject to life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A). In order to establish the legitimacy of those prior convictions, 21 U.S.C. § 851 provides that the government must file with the court an information stating the previous convictions to be relied upon. In addition, the statute states:

> An information may not be filed under this section if the increased punishment which may be imposed is imprisonment for a term in excess of three years unless the person either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed.

21 U.S.C. § 851(a)(2).

Brown contends in this appeal that because his prior state convictions were based upon the filing of informations, rather than the return of indictments or waiver of indictments, the sentence enhancement provisions of 21 U.S.C. §§ 841 and 851 do not apply. This argument is meritless.

Pursuant to 21 U.S.C. § 841(b)(1)(A), a defendant who is guilty of possessing with intent to distribute more than five kilograms of cocaine is subject to a mandatory term of life imprisonment if the offense was committed after two or more prior convictions for felony drug offenses have become final. The term "felony drug offense" includes "a felony under any law of a State or a foreign country that prohibits or restricts conduct relating to narcotic drugs, marijuana or depressant or stimulant substances." 21 U.S.C. § 841(b)(1)(A).

If the government intends to ask the sentencing court to enhance a defendant's sentence pursuant to section 841(b)(1)(A) based on the defendant's prior convictions, the government must file an information setting forth the prior convictions on which the government intends to rely. 21 U.S.C. § 851(a)(1). Brown's argument that these prior convictions must have been brought by indictment or pursuant to waiver of indictment is premised on 21 U.S.C. § 851(a)(2).

Four circuit courts of appeals have addressed the argument that Brown asserts in this case, and all four courts have agreed that section 851(a)(2) permits the government to seek the enhanced penalty so long as the current offense of conviction (rather than the "triggering offenses") resulted from an indictment or the waiver of an indictment.

In *United States v. Espinosa,* 827 F.2d 604 (9th Cir.1987), *cert. denied,* 485 U.S. 968, 108 S.Ct. 1243, 99 L.Ed.2d 441 (1988), the Ninth Circuit held that the reference in section 851(a)(2) to "prosecution by indictment" refers to the charge of conviction. The court reached this conclusion for three reasons. First, "a common-sense reading of the phrase "offense for which such increased punishment may be imposed' is the current, or latest, offense." *Id.* at 617. Second, the court recognized that, when Congress used the term "offense" in section 851, it was referring to the current offense. Whenever Congress referred to the "prior conviction" or the so-called "triggering conviction," it used the words "prior conviction" or "previous conviction." The court reasoned, "Had Congress intended [the defendant's] interpretation,

it seems that the phrase simply would have read "prosecution by indictment in the prior conviction.' " *Id.* Third, the court recognized that it was Congress's intention in 1984 to broaden the scope of enhancements in § 841(b) for prior convictions rather than to limit the scope. *Id.* If the court had adopted Brown's argument, the scope of the enhancement would have been severely limited because many states do not charge by indictment but rather use informations or complaints to charge felonies.

In *United States v. Adams,* 914 F.2d 1404 (10th Cir.), *cert. denied,* 498 U.S. 1015, 111 S.Ct. 588, 112 L.Ed.2d 593 (1990), the Tenth Circuit expressly adopted the reasoning employed by the Ninth Circuit in *Espinosa.* The *Adams* court recognized that the words "offense for which" in section 851 may be vague when read alone but, in context, "the correct meaning is plainly discernible." *Id.* at 1407. The court held that the triggering offense need not have been charged by indictment or by information following a waiver of indictment. *Id.*

In *United States v. Burrell,* 963 F.2d 976 (7th Cir.), *cert. denied,* --- U.S. ----, 113 S.Ct. 357, 121 L.Ed.2d 270 (1992), the Seventh Circuit also held that the prior convictions that trigger the 21 U.S.C. § 851 enhancement need not have been brought by indictment. *Id.* at 992. The court in *Burrell* followed the analysis adopted by the *Espinosa* and *Adams* courts, characterizing these decisions as "careful[ly] reason[ed]." *Id.* at 993. Moreover, in *United States v. Trevino-Rodriquez,* 994 F.2d 533 (8th Cir.1993), the Eighth Circuit adopted the same reasoning of the other circuits stating, "We agree with our sister circuits and hold

that the language of 21 U.S.C. § 851(a)(2) refers to the prosecution of the current offense."  *Id.* at 536.

IV.

The reasoning adopted by each of our sister circuits in holding that the language of 21 U.S.C. § 851(a)(2) refers to the prosecution of the current offense is sound.  Accordingly, we adopt that same reasoning and reject Brown's claim that a defendant's sentence may not be enhanced pursuant to section 851 unless the "triggering offenses" were charged by indictment or by information following waiver of indictment.  Therefore, we affirm Brown's convictions and sentences in all respects.

AFFIRMED.