**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Joe HARDEN, Defendant–Appellant.**

No. 92–4512
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Nov. 3, 1994.

Paul D. Lazarus, Miami, FL, for appellant.

Roberto Martinez, U.S. Atty., Jeffrey N. Kaplan, Linda Collins Hertz, Anne M. Hayes, Asst. U.S. Attys., Miami, FL, for appellee.

Before TJOFLAT, Chief Judge, BIRCH and DUBINA, Circuit Judges.

BIRCH, Circuit Judge:

This appeal challenges conviction and sentence for possession with intent to distribute cocaine base or crack. It further presents the opportunity for us to decide the first-impression issue in our circuit of whether prior state felony drug convictions that were not prosecuted by indictment are properly the basis for statutory enhancement. We AFFIRM.

## I. BACKGROUND

On August 25, 1990, defendant-appellant, Joe Harden, led detectives from the Broward County Sheriff's Organized Crime Division on a chase by vehicle and on foot following his refusal to produce his driver's license and vehicle registration. In the course of the pursuit, Harden discarded a brown paper bag, which a detective retrieved. The bag contained eighty-two plastic bags, each with ten pieces of crack cocaine inside and $480. After Harden's arrest, two more "ten-packs" of crack cocaine in a brown paper bag inside of a gym bag were found during an inventory search of Harden's pickup truck. Eight additional ten-packs of crack cocaine were recovered from a yard through which Harden ran during the chase. The parties stipulated that the paper bag deposited by Harden contained 201.3 grams of crack cocaine, 5.295 grams of crack cocaine were in the car, and 21.1 grams of crack cocaine were in the yard.

A federal grand jury returned a one-count indictment charging Harden with possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The government filed pretrial informations noticing its intent to use prior felony drug convictions and the possession of over fifty grams of cocaine base to request a minimum mandatory sentence enhancement pursuant to 21 U.S.C. §§ 841 and 851. Contending that federal prosecution violated his due process rights, Harden moved to dismiss the indictment. The district court denied this motion; Harden was convicted.

In his objections to the presentence investigation report, Harden challenged his prospective mandatory sentence of life imprison-

ment because (1) the previous state felony drug convictions that triggered the statutory sentencing enhancement had not been prosecuted by indictment, (2) the enhancement based on the quantity of cocaine was precluded because the indictment did not allege a specific quantity of cocaine, and (3) the statutory and Sentencing Guidelines punishment for cocaine base was an unconstitutional violation of his equal protection and due process rights. Following a hearing concerning Harden's sentencing objections on May 28, 1992, the district court overruled them. Harden was sentenced to life imprisonment; he timely appealed.

## II. DISCUSSION

### A. *Federal Prosecution*

Harden contends that the district court's not dismissing the indictment was a due process violation. He claims that the county officers arbitrarily decided to refer his case for federal rather than state prosecution because crimes involving crack cocaine are punished more harshly in federal court than in state court. Thus, he contends that his federal prosecution resulted from the desire of local law enforcement to enhance his penalty.

 While investigative agencies may present cases to the United States Attorney, only a government attorney can initiate prosecution. *Bordenkircher v. Hayes,* 434 U.S. 357, 364, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978); *see* Fed.R.Crim.P. 7(c)(1) (indictment "shall be signed" by government attorney). Provided that the prosecutor has probable cause to believe that an individual committed

an offense prohibited by statute, the decision whether to prosecute and what charge to file or present to a grand jury are subject to prosecutorial discretion. *United States v. Batchelder,* 442 U.S. 114, 124, 99 S.Ct. 2198, 2204, 60 L.Ed.2d 755 (1979); *Bordenkircher,* 434 U.S. at 364, 98 S.Ct. at 668. Significantly, the United States Attorney has prosecutorial discretion even if a case is first referred for state prosecution because a defendant may be prosecuted and convicted under a federal statute following conviction in state court for the same conduct without violating due process. *Abbate v. United States,* 359 U.S. 187, 190–96, 79 S.Ct. 666, 668–71, 3 L.Ed.2d 729 (1959). Absent evidence that the decision to institute federal prosecution was improperly motivated or based on a constitutionally impermissible classification, *Wayte v. United States,* 470 U.S. 598, 608, 105 S.Ct. 1524, 1531, 84 L.Ed.2d 547 (1985), prosecution in federal rather than state court does not transgress due process even without guidelines for such referral. *United States v. Williams,* 963 F.2d 1337, 1342 (10th Cir. 1992),[1] *see United States v. Beede,* 974 F.2d 948, 952–53 (8th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1016, 122 L.Ed.2d 163 (1993); *United States v. Robinson,* 967 F.2d 287, 289–90 (9th Cir.1992); *United States v. Goodapple,* 958 F.2d 1402, 1410–11 (7th Cir. 1992), *United States v. Parson,* 955 F.2d 858, 873 n. 22 (3d Cir.1992); *United States v. Allen,* 954 F.2d 1160, 1165–66 (6th Cir.1992); *United States v. Carter,* 953 F.2d 1449, 1461–62 (5th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 2980, 119 L.Ed.2d 598 (1992); *United States v. Turpin,* 920 F.2d 1377, 1387–88 (8th

---

1. Harden relies on the *Williams* district court opinion, which held that the defendants' due process rights had been violated because a local narcotics task force had no written policy for referring cases to the government and, consequently, the referral could have been for an improper purpose. *United States v. Williams,* 746 F.Supp. 1076, 1079–83 (D.Utah 1990), *aff'd in part and vacated in part,* 963 F.2d 1337 (10th Cir.1992). To address the due process problem perceived by that district court, it imposed sentences without regard to 21 U.S.C. § 841(b) and the Sentencing Guidelines. The Tenth Circuit remanded for resentencing because it concluded that the absence of guidelines for federal referral does not violate due process without evidence that the federal prosecution was unconstitution-

ally or improperly motivated; thus, a sentence outside of the statutory and Guidelines sentencing scheme was not justified. *See United States v. Andersen,* 940 F.2d 593, 595–97 (10th Cir. 1991) (rejecting the *Williams* district court decision specifically as well as the proposition that due process requires written policies to guide decisions regarding referral for federal prosecution); *United States v. Robinson,* 967 F.2d 287, 289–90 (9th Cir.1992) (same); *United States v. Goodapple,* 958 F.2d 1402, 1410–11 (7th Cir. 1992) (same); *United States v. Allen,* 954 F.2d 1160, 1165–66 (6th Cir.1992) (same); *United States v. Carter,* 953 F.2d 1449, 1461–62 (5th Cir.) (same), *cert. denied,* —— U.S. ——, 112 S.Ct. 2980, 119 L.Ed.2d 598 (1992).

Cir.1990), *cert. denied,* 499 U.S. 953, 111 S.Ct. 1428, 113 L.Ed.2d 480 (1991).

■ Our court has addressed a similar case where the defendant-appellant argued that the state and federal law enforcement agencies had engaged in " 'de facto' " sentencing in violation of his due process rights. *United States v. King,* 972 F.2d 1259, 1260 n. 3 (11th Cir.1992) (per curiam). Because he could have been prosecuted for possession with intent to distribute cocaine base under both federal and state law, the appellant contended that he had been prosecuted federally because the sentences for crack cocaine crimes are harsher in federal court than in state court. We determined that "[b]ecause he could have been prosecuted in both state and federal court, we cannot conclude that his [due process] rights were violated because he was prosecuted only in federal rather than state court." *Id.*

Moreover, the Supreme Court has decided that sentencing considerations alone do not establish a constitutional violation:

> The prosecutor may be influenced by the penalties available upon conviction, but this fact, standing alone, does not give rise to a violation of the Equal Protection or Due Process Clause. Just as a defendant has no constitutional right to elect which of two applicable federal statutes shall be the basis of his indictment and prosecution neither is he entitled to choose the penalty scheme under which he will be sentenced.

*Batchelder,* 442 U.S. at 125, 99 S.Ct. 2205 (citations omitted). Accordingly, Harden's opposition to his federal prosecution as a due process violation is without merit.

**B.** *Statutory Enhancement for Prior Felony Drug Convictions*

Harden maintains that his statutory enhancement, rendering a mandatory life imprisonment sentence, was erroneous. Because his two prior felony drug convictions in Florida courts were prosecuted by information without waiver of indictment, Harden

contends that they cannot be used as statutory enhancements. This argument, asserted in the objections to his presentence investigation report and at his sentencing proceeding, was rejected by the district court.

A person with "two or more prior convictions for a felony drug offense" who subsequently is convicted of possessing fifty grams or more of a mixture or substance containing cocaine base with the intent to distribute "shall be sentenced to a mandatory term of life imprisonment without release." 21 U.S.C. § 841(b)(1)(A) (1988). To increase the punishment for a federal drug conviction because of one or more prior felony drug convictions, the United States Attorney must file a pretrial information noticing the previous drug convictions upon which the government intends to rely. 21 U.S.C. § 851(a)(1). The record evidences that the government filed an information listing Harden's prior felony drug convictions and that Harden did not contest those previous convictions.

Harden argues, however, that the court misinterpreted the statutory requirements for the enhancing prior felony drug convictions. "An information may not be filed under this section if the increased punishment which may be imposed is imprisonment for a term in excess of three years unless the person either waived or was afforded prosecution by indictment *for the offense for which such increased punishment may be imposed.*" 21 U.S.C. § 851(a)(2) (emphasis added). Harden asserts that the prior drug convictions used for enhancement must be obtained by indictment. He contends that the statute would be superfluous if it referred to the subject federal conviction being appealed because all federal crimes are prosecuted by indictment. He also argues that the past tense phrasing, "unless the person either *waived* or *was afforded* prosecution by indictment," allegedly excludes the present federal conviction on appeal.[2] *Id.* (emphasis

---

**2.** Harden further attempts to support his argument that the enhancing prior felony drug convictions had to be prosecuted by indictment with language from a former version of the Department of Justice United States Attorney's Manual. Not only was this version of the manual ineffec-

tive at the time of Harden's sentencing and the relevant version is silent on this issue, but also, as he recognizes, "the policies and procedures of the United States Department of Justice and its interpretation of statutes are not binding upon the judicial branch of our Government." Appel-

added). The government urges that the district court correctly determined that the offense prosecuted by indictment referred to the present federal cocaine base offense and not to the previous felony drug convictions.

■ Statutory interpretation is a question of law subject to *de novo* review. *James v. United States,* 19 F.3d 1, 2 (11th Cir.1994) (per curiam). Although this question of statutory interpretation is one of first impression for our circuit,[3] the circuits that have considered the issue have determined unanimously that the offense to which the statute refers as being prosecuted by indictment is the current federal drug case and not prior felony drug convictions. *United States v. Trevino–Rodriguez,* 994 F.2d 533, 536 (8th Cir. 1993); *United States v. Burrell,* 963 F.2d 976, 992–93 (7th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 357, 121 L.Ed.2d 270 (1992); *United States v. Adams,* 914 F.2d 1404, 1406–07 (10th Cir.), *cert. denied,* 498 U.S. 1015, 111 S.Ct. 588, 112 L.Ed.2d 593 (1990), *and cert. denied,* 498 U.S. 1100, 111 S.Ct. 996, 112 L.Ed.2d 1080 (1991); *United States v. Espinosa,* 827 F.2d 604, 616–17 (9th Cir. 1987), *cert. denied,* 485 U.S. 968, 108 S.Ct. 1243, 99 L.Ed.2d 441 (1988). In *Espinosa,* the defendant was convicted for possession of cocaine with intent to distribute. The district court enhanced his sentence based on the government's pretrial information stating that a prior state felony drug conviction warranted an enhanced sentence. Because the prior felony drug conviction did not involve waiver of or prosecution by indictment, the defendant-appellant challenged this enhancement.

In a carefully reasoned opinion, the Ninth Circuit determined that the reference in section 851(a)(2) to the offense that must be prosecuted by indictment was the current federal drug offense, and not the prior state felony drug conviction:

> Although the statutory language is arguably susceptible to either reading, we believe that the government's interpretation is correct for several reasons. First, although one may not be punished twice for the same crime, punishment for a second crime may be enhanced by reason of a second conviction. *Cf.* H.R. No. 91–1444, 91st Cong., 2d Sess., *reprinted in* 1970 U.S.Code Cong. & Admin.News 4566, 4618 (referring to a different section's "procedure for establishing prior convictions so as to authorize imposition of an increased penalty upon a subsequent conviction"). Hence, a common-sense reading of the phrase "offense for which such increased punishment may be imposed" is the current, or latest, offense. Second, the two other usages of the term "offense" in § 851 refer to the current offense. *See* 21 U.S.C. § 851(a)(1), (e) (1982). Section 851 consistently uses the terms "prior conviction[s]" and "previous convictions" to denote the prior conviction. *See* 21 U.S.C. § 851(a)(1), (b), (c)(1)–(2), (d)(1), (e) (1982). Had Congress intended Espinosa's interpretation, it seems that the phrase simply would have read "prosecution by indictment in the prior conviction." Finally, the government points out the anomalous situation that would result from Espinosa's interpretation. Despite Congress's evident attempt in 1984 to broaden the scope of § 841(b) prior convictions to include state and foreign convictions (in addition to federal convictions), Espinosa's interpretation would exclude from the statute's ambit prior convictions in those states or foreign countries that happen to use a felony complaint system rather than a grand jury indictment system. We conclude that § 851 authorized the sentence enhancement.

*Espinosa,* 827 F.2d at 617.

Similarly, the defendant in *Adams* was convicted for possession with intent to distribute more than fifty grams of crack cocaine. The district court imposed a mini-

---

lant's Brief at 23. Accordingly, we need not address this argument.

**3.** In *United States v. Tremble,* 933 F.2d 925, 927 (11th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 346, 116 L.Ed.2d 285 (1991), we noted that the defendant-appellant argued in district court that his sentence could not be enhanced pursuant to

21 U.S.C. § 851(a)(2) because his prior Florida felony drug conviction was prosecuted by information and not by indictment. The district court rejected the argument based on the plain language of the statute. The defendant-appellant, however, abandoned this issue on appeal. Thus, our court heretofore has not decided this issue.

mum mandatory sentence because of an enhancement based on the government's pretrial information listing a prior state felony drug conviction. In upholding the enhancement, the Tenth Circuit adopted the Ninth Circuit's analysis of section 851(a)(2) in *Espinosa* augmented by *ex post facto* and recidivist concerns:

> Moreover, the language plainly shows that the offense which requires indictment or waiver thereof is "the offense for which such increased punishment may be imposed." Obviously the punishment for *a past, prior offense* cannot be subsequently increased *ex post facto.* But the punishment for the current offense in the case at bar can appropriately be enhanced and made more severe because the current offense is not the appellant's first violation of the criminal law, but he is a recidivist or "repeat offender." Hence the District Court's interpretation is clearly correct, even though as a matter of abstract semantics the words "offense for which" such increased punishment may be imposed might *in vacuo* mean "offense by virtue of which" or "offense by reason of which" such increased punishment may be imposed. But in the context the correct meaning is plainly discernable.

*Adams,* 914 F.2d at 1407. Harden's interpretation would necessitate an impermissible *ex post facto* increased punishment for his past felony drug convictions, while "it is permissible to increase the severity of punishment for the current offense based upon the defendant's record." *Burrell,* 963 F.2d at 992 (citing *Adams,* 914 F.2d at 1407).

■ In *Burrell,* the Seventh Circuit also confronted the surplusage argument that considering the present federal drug offense to be prosecuted by indictment would be redundant "[b]ecause the Fifth Amendment and the Federal Rules of Criminal Procedure require all federal felony prosecutions to proceed by indictment." *Id.* Nevertheless, that court concluded that appellant's statutory interpretation did not overcome "the careful reasoning set forth in *Adams* and *Espinosa."* *Id.* at 993. We agree and adopt the analyses of our sister circuits in *Burrell, Adams* and *Espinosa.*

Harden's final contention regarding the past tense phrasing of section 851(a)(2) is without merit. The statute addresses proceedings at the sentencing stage of a prosecution, and the indictment precedes the sentencing phase in the prosecutorial process. Using the present tense in this context would be inaccurate as to the chronology of the preceding indictment.

By adopting the reasoning of our sister circuits, we conclude that section 851(a)(2) reasonably must be interpreted to mean that the federal drug crime at bar must be prosecuted by indictment, and not prior felony drug convictions. The government appropriately filed a pretrial information enumerating Harden's two previous state felony drug convictions. Therefore, the district court correctly enhanced Harden's sentence under section 851(a)(2) resulting in mandatory life imprisonment.

### C. *Minimum Mandatory Life Sentence*

■ Harden argues that the minimum mandatory sentence of life imprisonment prescribed in 21 U.S.C. § 841(b)(1)(A) is inapplicable unless the indictment specifies the amount of cocaine involved in the offense. This argument is ineffective since we have determined that "[b]ecause the quantity of controlled substance triggering the enhanced penalties provided in § 841(b) is relevant only at sentencing, there is no reason that the quantity involved must necessarily appear in the indictment if the defendant is otherwise on adequate notice that enhanced penalties are available." *United States v. Perez,* 960 F.2d 1569, 1574 (11th Cir.1992) (per curiam), *cert. denied,* —— U.S. ——, 113 S.Ct. 1421, 122 L.Ed.2d 790 (1993); *see United States v. Milton,* 979 F.2d 839, 840 (11th Cir.1992) (per curiam); *United States v. Cross,* 916 F.2d 622, 623–24 (11th Cir.1990) (per curiam), *cert. denied,* 499 U.S. 929, 111 S.Ct. 1331, 113 L.Ed.2d 263 (1991). In *Perez,* we held that if the existence of the requisite quantity for the enhancement is established by a preponderance of the evidence at sentencing and due process requirements are met, then "courts are constrained to apply the sentencing framework established by statute, notwithstanding absence of quantita-

tive references in the indictment." 960 F.2d at 1575; *see Cross,* 916 F.2d at 623 ("[D]istrict courts are required by due process to make factual determinations at sentencing only by a preponderance of the evidence.").

■ Harden does not dispute that the necessary quantity for mandatory life imprisonment, or fifty grams of cocaine base, was established in this case. The parties stipulated that over 200 grams of crack cocaine were seized in the charged offense. Further, due process requirements were satisfied. Almost eight months prior to trial, the government filed an information noticing Harden that, for sentencing purposes, more than fifty grams of cocaine base had been seized from him. A second information filed at the same time specified the prior state felony drug convictions upon which the government intended to rely to enhance Harden's sentence. The combined notice to Harden in the two informations resulted in his minimum mandatory sentence of life imprisonment. 21 U.S.C. §§ 841(b)(1)(A), 851(a)(1).

"Due process requires that factual determinations at sentencing be supported by a preponderance of the evidence, and that the defendant be on notice that such an amount is involved as may trigger enhancement." *Perez,* 960 F.2d at 1575 (citations omitted). The informations in this case satisfied due process requirements. Therefore, Harden's minimum mandatory life sentence was proper, although the quantity necessary for the enhancement was not specified in the indictment.

### D. *Constitutionality of Sentencing Statutes*

Harden contends that both the statutory scheme and the Sentencing Guidelines concerning punishment for crack cocaine as opposed to powder cocaine violate equal protection and due process by disproportionately impacting black or African Americans. He raised this challenge in his objections to the presentence investigation report, the district court rejected it, and he pursues it on appeal. The district court's finding concerning the constitutionality of a sentencing statute is a legal question subject to *de novo* review. *United States v. Osburn,* 955 F.2d 1500, 1503 (11th Cir.), *cert. denied,* — U.S. —, 113 S.Ct. 290, 121 L.Ed.2d 215, *and cert. de-*

*nied,* — U.S. —, 113 S.Ct. 223, 121 L.Ed.2d 160 (1992).

■ We have determined that these sentencing statutes surmount the rational basis test because lawmakers had a legitimate purpose in providing harsher penalties for possession of crack cocaine because it "is more addictive, more dangerous, and can be sold in smaller quantities than powder cocaine." *United States v. King,* 972 F.2d 1259, 1260 (11th Cir.1992) (per curiam); *see United States v. Catchings,* 922 F.2d 777, 780 n. 3 (11th Cir.) (per curiam) ("[T]he difference in penalties between crack and other forms of cocaine demonstrated that Congress considered crack to be a more powerful and dangerous drug."), *cert. denied,* 499 U.S. 980, 111 S.Ct. 1633, 113 L.Ed.2d 729 (1991). Additionally, we have determined that neither 21 U.S.C. § 841(b)(1)(A)(iii) nor U.S.S.G. § 2D1.1(c) (Drug Quantity Table) warrant strict scrutiny because there is no evidence that Congress or the Sentencing Commission acted with a discriminatory purpose in formulating these sentencing statutes. *United States v. Byse,* 28 F.3d 1165, 1170–71 (11th Cir.1994). We also have rejected a due process challenge to the penalties for cocaine base, *United States v. Williams,* 876 F.2d 1521, 1525 (11th Cir.1989), and concluded that the sentencing scheme for cocaine base is not " 'arbitrary and capricious,' " *United States v. Lawrence,* 972 F.2d 1580, 1583 (11th Cir.1992) (per curiam), *cert. denied,* — U.S. —, 113 S.Ct. 1015, 122 L.Ed.2d 162 (1993). Therefore, Harden's contentions regarding the constitutionality of the subject sentencing statutes are without merit.

### III. CONCLUSION

In this appeal, Harden challenges prosecution of his crack cocaine offense in federal rather than state court, the enhancement of his sentence with prior state felony drug convictions that were not prosecuted by indictment, the omission of the quantity of cocaine base involved in his offense from the indictment, and the constitutionality of the statutory and Guidelines sentencing statutes.

As we have analyzed, the district court correctly decided all of these issues. We AFFIRM.