**UNITED STATES of America, Plaintiff,**

v.

**Anthony Lamont SPELLS, Defendant.**

**No. CRIM. 1:CR–96–315.**

United States District Court,
M.D. Pennsylvania.

March 10, 1998.

Anthony Lamont Spells, Cumberland County Prison, Carlisle, PA, Jerry A. Philpott, Duncannon, PA, Ann Ariano, Lori J. Ulrich, Harrisburg, PA, Gerald B. Ingram, Philadelphia, PA, for Defendant.

Martin C. Carlson, U.S. Attorney's Office, Harrisburg, PA, for Plaintiff.

## ORDER

CALDWELL, District Judge.

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

The Defendant, Anthony Lamont Spells, was convicted of drug trafficking and money laundering offenses on October 21, 1997, after indictment and trial by jury. Now before us is a motion by Defendant, proceeding *pro se*, to bar the use of his prior state court convictions under 21 U.S.C. § 851(a)(2).

Relying on *United States v. Collado*, 106 F.3d 1097 (2d Cir.1997), Defendant argues that the text of Section 851(a)(2) must be construed liberally to require that the prior offenses underlying a prior felony enhancement be offenses prosecuted by indictment. As Defendant's prior state offenses were prosecuted by information, such a reading of Section 851(a)(2) would invalidate the filing of a prior felony information.

Defendant bases this interpretation on what he asserts is an ambiguity in the language of Section 851. The statute provides that:

> An information [charging the defendant with prior convictions for sentencing enhancement purposes] may not be filed under this section if the increased punishment which may be imposed is punishment for a term in excess of three years unless the person either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed.

21 U.S.C. § 851(a)(2). Defendant suggests that "the offense for which such increased punishment may be imposed" is ambiguous, and therefore should be interpreted leniently to require prosecution by indictment in the prior convictions.

This reading is inconsistent with the plain language of the statute. The increased punishment under Section 851 is imposed for the offense for which the defendant is being sentenced. Defendant's reading of the statute would suggest that under Section 851 increased punishment is being imposed *for* prior offenses—a conclusion which would violate double jeopardy. Section 851 permits the enhancement of the sentence imposed *for the offense presently before the court,* based on the defendant's prior convictions. The statute's use of the phrase "the offense for which such increased punishment may be imposed" unambiguously refers to the current offense, not the prior convictions.

Defendant's interpretation of Section 851(a)(2) has been rejected by every court to consider it, with the sole exception of the Second Circuit in *Collado. See United States v. Harden,* 37 F.3d 595, 600–01 (11th Cir.1994); *United States v. Trevino–Rodriguez,* 994 F.2d 533, 536 (8th Cir.1993); *United States v. Burrell,* 963 F.2d 976, 992–93 (7th Cir.1992); *United States v. Adams,* 914 F.2d 1404, 1407 (10th Cir.1990); *United States v. Espinosa,* 827 F.2d 604, 617 (9th Cir.1987); *United States v. Walker,* 1997 WL 466908 (E.D.La. Aug.5, 1997); *United States v. Santana,* 1997 WL 258599, at *1–*2 (D.Mass. March 11, 1997); *see also United States v. Rodriguez,* 977 F.Supp. 1320, 1327–28 (N.D.Ohio 1997). *But see Collado,* 106 F.3d at 1100–03. We conclude that this majority position is correct. Defendant's motion to preclude the use of his prior convictions in sentencing must be denied.

Accordingly, this 10th day of March, 1998, it is ordered that Defendant's motion to bar the use of prior convictions, filed October 28, 1997 (Doc. No. 140), is **denied.**