151 F.3d 1034
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Charles COLEMAN, Defendant-Appellant.
 No. 98-1415.
 United States Court of Appeals, Seventh Circuit.
 Argued July 8, 1998.
Decided July 20, 1998.
 
 Appeal from the United States District Court of the Southern District of Illinois. No. 97-CR-30048, Paul E. Riley, Judge.
 Before Hon. JESSE E. ESCHBACH, Hon. JOEL M. FLAUM, and Hon. ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Charles Coleman pleaded guilty to possession and distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and was sentenced to 240 months' imprisonment. The district court enhanced Coleman's sentence based on his two prior drug felony convictions in state court. Coleman appeals his sentence, arguing that the district court erred in enhancing his sentence based on the state court convictions because he neither waived nor was afforded prosecution by indictment for those prior convictions.
 
 
 2
 In its superseding indictment, the government charged Coleman with two counts of knowingly and intentionally distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1), and one count of knowingly and intentionally possessing with the intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). The government then filed an "Information Charging Prior Offenses," in which it sought a sentence enhancement based on Coleman's two prior state court felony drug convictions, as provided in 21 U.S.C. § 851. Coleman filed a response to the government's information in which he claimed that the prior offenses could not be used to enhance his sentence because he neither waived nor was afforded prosecution by indictment for those offenses. Coleman then pleaded guilty to the charges filed against him. At sentencing, Coleman argued once again that a sentence enhancement would be improper and that the Seventh Circuit should revisit its caselaw permitting sentence enhancements predicated upon prior felony convictions not prosecuted by indictment or waiver of indictment. The court ruled that a sentence enhancement was proper in Coleman's case and then sentenced him to 240 months' imprisonment. Coleman appeals, contending that the district court erroneously enhanced his sentence because his prior state court convictions were not prosecuted by indictment or waiver of indictment as, he maintains, is required by the language of 21 U.S.C. § 851(a)(2).
 
 
 3
 21 U.S.C. § 851, entitled "Proceedings to establish prior convictions," provides in pertinent part that "[n]o person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court ... stating in writing the previous convictions relied upon." 21 U.S.C. § 851(a)(1). Section 851(a)(2) then explains that "[a]n information may not be filed under this section if the increased punishment which may be imposed is imprisonment for a term in excess of three years unless the person either waived or was afforded prosecution by indictment for the offense for which such punishment may be imposed." 21 U.S.C. § 851(a)(2) (emphasis added).
 
 
 4
 Coleman argues that the waiver or indictment language of § 851(a)(2) refers to the prior conviction(s) on which the enhancement is based, as opposed to the conviction for which the enhancement is sought. In other words, the prior convictions, not the offense of conviction, must be prosecuted by indictment or waiver thereof. However, Coleman also acknowledges, as he must, that this court resolved this very question in United States v. Burrell, 963 F.2d 976 (7th Cir.1992), when it concluded that the waiver or indictment language of § 851(a)(2) applies to the offense of conviction, not prior convictions. Id. at 992-93. Accordingly, Coleman asks this court to reconsider its decision in Burrell and to find the language of § 851(a)(2) ambiguous. Such a finding would then require an application of the rule of lenity. See Liparota v. United States, 471 U.S. 419, 427, 105 S.Ct. 2084, 85 L.Ed.2d 434 (1985) ("Application of the rule of lenity ensures that criminal statutes will provide fair warning concerning conduct rendered illegal and strikes the appropriate balance between the legislature, the prosecutor, and the court in defining criminal liability.").
 
 
 5
 In Burrell, we concluded that the waiver or indictment language of § 851(a)(2) refers to the conviction for which the enhancement is sought. 963 F.2d at 992-93. In so determining, this court adopted the reasoning of the Ninth Circuit in United States v. Espinosa, 827 F.2d 604 (9th Cir.1987), as well as the Tenth Circuit's reasoning in United States v. Adams, 914 F.2d 1404 (10th Cir.1990). In Espinosa, the court stated as follows:
 
 
 6
 Although the statutory language is arguably susceptible to either reading, we believe that the government's interpretation [that the relevant language applies to offense of conviction] is correct for several reasons. First, although one may not be punished twice for the same crime, punishment for a second crime may be enhanced by reason of a second conviction. Hence, a common-sense reading of the phrase 'offense for which such increased punishment may be imposed' is the current, or latest, offense. Second, the two other usages of the term 'offense' in § 851 refer to the current offense.... [Third, the defendant's] interpretation would exclude from the statute's ambit prior convictions in those states or foreign countries that happen to use a felony complaint system rather than a grand jury indictment system.
 
 
 7
 Id. at 617 (internal citations omitted). In Adams, the Tenth Circuit agreed with the Espinosa court, adding that although the words "offense for which" could, in a vacuum, take on the meaning ascribed by the defendant, their meaning is "plainly discernible" within the context of the statute. 914 F.2d at 1407. Two other circuits likewise have held that the waiver or indictment language of § 851(a)(2) refers to the offense of conviction. See United States v. Harden, 37 F.3d 595, 601 (11th Cir.1994) (adopting the reasoning of Espinosa, Adams, and Burrell ); United States v. Trevino-Rodriguez, 994 F.2d 533, 536 (8th Cir.1993) (same).
 
 
 8
 For a brief period of time, one circuit came to a different conclusion. In United States v. Collado, 106 F.3d 1097 (2d Cir.1997), the Second Circuit held that the language of § 851(a)(2) is ambiguous and that the rule of lenity should be followed. Id. at 1100. The court did not decide which interpretation of the statute was correct, however. Rather, it simply decided "that there is absent with respect to § 851(a)(2) an 'obvious intention of the legislature' to require that the instant offense, not the prior felony offense, have been prosecuted by indictment or waiver thereof ." Id. at 1103 (citations omitted). But recently the Second Circuit reversed itself in United States v. Ortiz, 143 F.3d 728, 1998 WL 228126 (2d Cir. May 8, 1998), after the government introduced evidence explaining that at the time § 851(a)(2) was formulated, federal felonies were prosecutable without an indictment in the Virgin Islands, the Panama Canal Zone, and Guam. Id. at * 3. This information explained why Congress included the waiver or indictment language in § 851(a)(2) and resolved the argument, often raised by defendants, that the waiver or indictment language had to refer to state court convictions since all federal prosecutions must proceed by indictment. Id. In the court's own words:
 
 
 9
 [T]his new information does much to clarify the meaning of § 851(a)(2). The provision is not free of ambiguity; it still can be interpreted to impose a requirement of grand jury indictment upon either the prior or the instant narcotics felony. Nevertheless, liberated from the apparent redundancy of the statute as applied to federal prosecutions, we find it far more sensible in terms of the structure and purpose of the statute that the grand jury guarantee refers to the instant felony offense.
 
 
 10
 Id. at * 4.
 
 
 11
 In sum, the Seventh Circuit already has interpreted the indictment and waiver language of § 851(a)(2) to refer to the latest offense--not the prior conviction(s) on which the enhancement is based. Nothing Coleman raises on appeal indicates that this determination was in error and that this court should revisit its holding in Burrell. Indeed, all the circuits that have ruled on this issue unanimously agree that a common-sense reading permits a definitive interpretation of the statute, regardless of whether, in a vacuum, the statute is susceptible to different interpretations.
 
 
 12
 The judgment of the district court is AFFIRMED.