[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 14, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10005
Non-Argument Calendar

_____

D. C. Docket No. 04-60158-CR-JIC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLARENCE WARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 14, 2005)

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Clarence Ward appeals his life sentence imposed after his conviction on four counts of possession with intent to distribute cocaine base, all in violation of 21 U.S.C. §§ 841(a) and 851, and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We affirm his conviction and sentence.

Ward raises four arguments on appeal. First, he argues his mandatory life sentence, which was based upon his recidivism, was cruel and unusual punishment in violation of the Eighth Amendment. As part of this argument, he cites for the first time on appeal the disparity in sentences for crack and powder cocaine offenses. Second, he argues 21 U.S.C. § 851(e)'s prohibition against challenges to the validity of a sentence-enhancing prior conviction that occurred more than five years prior to the conviction at issue violates due process. Third, Ward argues the imposition of a life sentence based upon his prior convictions violated his Sixth Amendment right to a jury trial. Finally, he argues for the first time on appeal the district court erred in sentencing him based upon a drug amount that included the weight of water contained in the cocaine base. Each argument is considered in turn.

# I. DISCUSSION

We review a constitutional challenge to a sentencing statute de novo. *United States v. Reynolds*, 215 F.3d 1210, 1212 (11th Cir. 2000). We review arguments raised for the first time on appeal for plain error. *United States v. Olano*, 113 S. Ct. 1770, 1776 (1993); *United States v. Harness*, 180 F.3d 1232, 1234 (11th Cir. 1999).

## A. *Cruel and Unusual Punishment*

Ward first asserts his mandatory life sentence, which was based upon his recidivism, was cruel and unusual punishment in violation of the Eighth Amendment. In *United States v. Lyons*, 403 F.3d 1248 (11th Cir. 2005), the appellant argued his 235-month sentence imposed based on his status as an "armed career criminal," pursuant to 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4(b), constituted cruel and unusual punishment in violation of the Eighth Amendment. *Id*. at 1256–57. We rejected Lyons' argument on the following basis: "[r]ecidivism has long been recognized as a legitimate basis for increased punishment," and "the Supreme Court has consistently affirmed the imposition of longer sentences, even for non-violent offenses, based on an offender's recidivism." *Id*. We also held an appellant's mandatory life sentence imposed pursuant to 21 U.S.C. § 841(b)(1)(A) on his third and fourth convictions for drug

offenses involving at least five kilograms of cocaine was not "cruel and unusual punishment" as proscribed by the Eighth Amendment. *United States v. Willis*, 956 F.2d 248, 251 (11th Cir. 1992). Additionally, the Supreme Court has held a mandatory sentence of life imprisonment was not cruel and unusual punishment in violation of the Eighth Amendment. *Harmelin v. Michigan*, 111 S. Ct. 2680, 2701 (1991). We have stated a challenge to the constitutionality of disparities in sentences between crack and powder cocaine is "without merit." *United States v. Harden*, 37 F.3d 595, 602 (11th Cir. 1994).

The decisions in *Willis*, *Lyons*, and *Harmelin*, have not been overruled and remain good law. Accordingly, Ward's argument that his mandatory life sentence based upon his recidivism violates the Eighth Amendment is without merit. Ward's argument his life sentence was a violation of the Eighth Amendment because of the disparity in crack and powder cocaine offenses is also foreclosed by our precedent, so he cannot show plain error.

B. *Due Process*

Ward's second argument is that 21 U.S.C. § 851(e)'s prohibition against challenges to the validity of a sentence-enhancing prior conviction that occurred more than five years prior to the conviction at issue violates due process. Anyone convicted of an offense under § 841 may not challenge the validity of a prior

conviction alleged thereunder that occurred more than five years prior to the date of the information alleging the prior conviction. 21 U.S.C. § 851(e). We have held that application of § 851(e) is not a violation of due process. *United States v. Williams*, 954 F.2d 668, 673 (11th Cir. 1992). Accordingly, Ward's argument is foreclosed.

C. *Sixth Amendment*

Ward's third argument is that the imposition of a mandatory life sentence based upon his prior convictions violated his Sixth Amendment right to a jury trial. It is well established the Sixth Amendment does not require a defendant's prior convictions be found by the jury. *United States v. Booker*, 125 S. Ct. 738, 756 (2005); *Blakely v. Washington*, 124 S. Ct. 2531, 2536–37 (2004); *Apprendi v. New Jersey*, 120 S. Ct. 2348, 2362–63 (2000). Accordingly, this argument is also foreclosed.

D. *Drug Amount*

Ward's final argument is that the district court erred in sentencing him based upon a drug amount that included the weight of water contained in the cocaine base. Absent controlling precedent, there can be no plain error *See United States v. LeJarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003). Because neither we nor the Supreme Court has considered the issue that Ward raises in this argument, he

has not demonstrated an error that was "plain," and therefore cannot prevail on this issue. Moreover, the jury's determination of drug weight was supported by competent evidence.

## II. CONCLUSION

Ward's mandatory life sentence was not cruel and unusual punishment in violation of the Eight Amendment. Section 851(e)'s prohibition against challenges to the validity of a sentence-enhancing prior conviction occurring more than five years prior to the conviction at issue does not violate due process. The imposition of a life sentence based on prior convictions did not violate Ward's Sixth Amendment right to a jury trial. Finally, the district court did not plainly err in determining the amount of cocaine base that Ward possessed.

**AFFIRMED.**