[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Aug. 28, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11652
Non-Argument Calendar

_____

D. C. Docket No. 03-60093-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDGAR WIGGINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 28, 2008)**

Before BIRCH, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Edgar Wiggins, proceeding pro se, is appealing the district court's denial of

his 18 U.S.C. § 3582(c)(2) motion for modification of his sentence based on Amendment 706 to U.S.S.G. § 2D1.1, which lowered the base offense levels applicable to crack cocaine offenses. See U.S.S.G. App. C, Amend. 706 (2007). The district court denied Wiggins's motion because he was originally sentenced according to the statutory mandatory minimum, and not according to § 2D1.1 calculations. Based on our review of the record and analysis of U.S.S.G. § 5G1.1(b), 18 U.S.C. § 3582(c)(2), and Amendment 706, we discern no reversible error and therefore AFFIRM.

## I. BACKGROUND

In May 2003, Wiggins was indicted for possession with intent to distribute at least five grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count One); possession of ammunition by a convicted felon, in violation of 21 U.S.C. § 922(g) (Count Two); and carrying a firearm during and in relation to a drug trafficking scheme, in violation of 18 U.S.C. § 924(c) (Count Three). Wiggins entered into a written a written plea agreement in which he pled guilty to Counts One and Three, and Count Two was dismissed. R1-22, 25. According to the presentence investigation report ("PSI"), the calculated sentence guideline range for Count One was 51 to 63 months. However, because Wiggins's offense involved five grams or more of crack cocaine, he was subject to a 60 month

2

mandatory minimum, pursuant to 21 U.S.C. § 841(b)(1)(B)(iii).  Based on this statute, the district court sentenced Wiggins to 60 months of imprisonment for Count One.  21 U.S.C. § 841(b)(1)(B); R1-25 at 2.

In March 2008, Wiggins filed a 18 U.S.C. § 3582(c)(2) motion, seeking a modification of his original sentence.  R1-29.  He requested that the court apply a "newly calculated sentencing range," in accordance with Amendment 706, which lowered the offense levels in crack cocaine cases by two levels.  Id. at 3.  The district court denied the motion because Wiggins was sentenced to the statutory mandatory minimum for his offense, and thus even if Amendment 706 reduced the guideline range, this would not change his sentence.  R1-30 at 2.  Wiggins filed a motion for reconsideration, in which he contended that the district court has authority to reduce his sentence to a term less than the mandatory minimum sentence of 60 months.  R1-31.  The district court denied this motion for the same reasons that it denied Wiggins's original § 3582(c)(2) motion.  R1-32.

## II.  DISCUSSION

On appeal, Wiggins maintains that the district court has the authority to reduce his sentence, and reasserts his eligibility for a sentence reduction based on Amendment 706.  We review a district court's decision to deny a § 3582(c)(2) motion for abuse of discretion.  United States v. Brown, 332 F.3d 1341, 1343 (11th

Cir. 2003). An error of law can constitute an abuse of discretion. Id.

Amendment 706 allows a prisoner to seek a reduced sentence for crack cocaine offenses as long as their sentence was determined using the guideline range calculations in § 2D1.1. However, a prisoner is not eligible for a reduction if "the amendment does not have the effect of lowering the his applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10, comment. n.1(A). Thus in cases "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence *shall* be the guideline sentence." U.S.S.G. § 5G1.1(b) (emphasis added). According to the plain language of U.S.S.G. § 5G1.1(b), the district court shall use the mandatory minimum as a sentencing floor in cases falling under statutes such as 21 U.S.C. § 841(b)(1)(B).

Wiggins's assertion that the district court should have the ability to depart from a mandatory minimum sentence is without merit given the applicable statutes and law. The district court sentenced Wiggins to 60 months of imprisonment because the level calculations under § 2D1.1 yielded a sentence range that was shorter than the statutorily required mandatory minimum. The district court does not have the power to ignore U.S.S.G. § 5G1.1(b) and reduce a prisoner's sentence

4

to a term below the mandatory minimum. Wiggins contends that the mandatory minimum actually becomes the guideline sentence and is, therefore, subject to analysis under <u>United States v. Booker</u>, 543 U.S. 220 (2005). However, just because the mandatory minimum sentence is sometimes treated as the sentencing guideline, this does not mean that the two should be treated as legally analogous. The <u>Booker</u> decision made the sentencing guidelines advisory and subject to evaluation according to the 18 U.S.C. § 3553(a) factors, but the decision did not reach any issues involving statutorily required mandatory minimums. <u>Booker,</u> 543 U.S. at 259, 261, 264. The mandatory minimum is not advisory, and the district court in this case was not authorized to sentence Wiggins to a prison term shorter than 60 months.

### III. CONCLUSION

Based on the language of U.S.S.G. § 5G1.1(b), the district court cannot sentence Wiggins to any less than the statutorily required 60 month mandatory minimum sentence. Because Wiggins's sentence was based on something other than an offense level calculation under § 2D1.1, he was precluded from receiving a § 3582 reduction in his sentence based on Amendment 706. The district court did not err in its interpretation and application of the law, and therefore we affirm.

**AFFIRMED**