[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 5, 2008
THOMAS K. KAHN
CLERK

No. 08-13323
Non-Argument Calendar

_____

D. C. Docket No. 90-06151-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOE HARDEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 5, 2008)**

Before BIRCH, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Joe Harden, a federal prisoner, appeals pro se the district court's denial of

his motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2). We conclude that the district court correctly determined that Harden was sentenced to a statutory minimum term of life imprisonment. The district court's decision foreclosed any modification of Harden's sentence under § 3582(c)(2). Accordingly, we AFFIRM.

## I. BACKGROUND

In May 1992, the United States District Court for the Southern District of Florida sentenced Harden to life imprisonment for possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Harden appealed his conviction and sentence to us. See United States v. Harden, 37 F.3d 595 (11th Cir. 1994). As we have already detailed the facts concerning Harden's conviction and sentence, we need not revisit them here but turn directly to Harden's fresh challenge of the district court's denial of his motion for a reduction of sentence.

## II. DISCUSSION

Harden contends that the district court erred in determining that he was originally sentenced to a statutorily-mandated life sentence pursuant to 21 U.S.C. § 841(b). In so doing, Harden invites us to reconsider our earlier decision in Harden. See 37 F.3d at 601-02. Because neither the passage of time nor the persuasiveness of his argument commands it, we decline Harden's invitation and

leave undisturbed our determination that Harden was correctly sentenced to a statutorily-mandated life sentence.

"We review a district court's decision whether to reduce a sentence pursuant to 18 U.S.C. § 3582(c)(2), based on a subsequent change in the sentencing guidelines, for abuse of discretion." United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003). However, in the § 3582(c)(2) context, "we review de novo the district court's legal conclusions regarding the scope of its authority under the Sentencing Guidelines." United States v. White, 305 F.3d 1264, 1267 (11th Cir. 2002) (per curiam). In addition, "[u]nder the law of the case doctrine, both the district court and the court of appeals are bound by findings of fact and conclusions of law made by the court of appeals in a prior appeal of the same case unless (1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." United States v. Stinson, 97 F.3d 466, 469 (11th Cir. 1996) (per curiam).

In separate majority opinions, the Supreme Court, in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), issued both a constitutional and a remedial holding. With respect to the former, the Supreme Court re-affirmed that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence

3

exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Id. at 244, 125 S. Ct. at 756. The Court concluded that this constitutional holding was incompatible with the mandatory nature of the guidelines and so made the guidelines advisory. Id. at 245, 258-60, 125 S. Ct. at 756, 764-65. Whereas the Booker Court did not mention § 3582(c)(2), we subsequently held that Booker does not, by itself, authorize the district court to reduce a defendant's sentence under § 3582(c)(2). See United States v. Jones, No. 08-13298, man. op. at 5-6 (11th Cir. Nov. 19, 2008) (per curiam).

Under § 3582, a district court may not modify a term of imprisonment once it has been imposed except where expressly permitted by statute or by Federal Rule of Criminal Procedure 35. 18 U.S.C. § 3582(c)(1)(B). One statutory exception to this general rule includes relief under § 3582(c)(2), which provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

On 1 November 2007, the Sentencing Commission promulgated

Amendment 706, which amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c).

U.S.S.G. App. C, Amend. 706 (Nov. 2007). The effect of Amendment 706 is to

provide a two-level reduction in base offense levels for certain crack-cocaine

offenses. See id. The Commission made this amendment retroactively applicable,

effective as of 3 March 2008. See U.S.S.G. App. C, Amend. 713 (May 2008)

(listing Amendment 706 under U.S.S.G. § 1B1.10(c) as a retroactively applicable

amendment). Regarding this amendment's interaction with § 3582(c)(2), we have

held that "a reduction under § 3582(c)(2) is not authorized where 'the amendment

. . . is applicable to the defendant but the amendment does not have the effect of

lowering the defendant's applicable guideline range because of the operation of

another guideline or statutory provision (e.g., a statutory mandatory minimum term

of imprisonment).'" United States v. Moore, 541 F.3d 1323, 1327-28 (11th Cir.

2008) (quoting U.S.S.G. § 1B1.10, comment. (n.1(A))). In accordance with

U.S.S.G. § 5G1.1(b), in cases in which "a statutorily required minimum sentence is

greater than the maximum of the applicable guideline range, the statutorily

required minimum sentence shall be the guideline sentence." U.S.S.G. § 5G1.1(b);

see also United States v. Wiggins, 08-11652, 2008 WL 3972775, at *2 (11th Cir.

Aug. 28, 2008) (per curiam) (noting that "[t]he district court does not have the

5

power to ignore U.S.S.G. § 5G1.1(b) and reduce a prisoner's sentence to a term below the mandatory minimum").

As we have noted, we previously determined that Harden correctly was sentenced to the statutory minimum term of life imprisonment. See Harden, 37 F.3d at 599-602. Under the law of the case doctrine, this holding is binding unless: "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." Stinson, 97 F.3d at 469. Although Harden argues that Booker and its progeny constitute new controlling authority, Booker's writ is generally confined to consideration of the Sentencing Guidelines and does not run to mandatory statutory minimums. See, e.g., Booker, 543 U.S. at 258-60 (focusing on the mandatory nature of the Sentencing Guidelines); Wiggins, 2008 WL 3972775, at *2. Therefore, Booker does not disturb our holding regarding the applicability of the statutory minimum to Harden, and it does not qualify this case for an exception to the law of the case doctrine.

In his reply brief, Harden also contends that because his indictment did not specify a drug quantity, the minimum mandatory sentence of life imprisonment prescribed by 21 U.S.C. § 841(b)(1)(A) is inapplicable. Once again, Harden urges

6

us to revisit familiar territory. We decline his invitation for two reasons. First, we do not consider arguments that are raised for the first time in a reply brief. United States v. Martinez, 83 F.3d 371, 377 n.6 (11th Cir. 1996). Second, Harden raised this argument in his previous appeal, and we found it to be without merit. See Harden, 37 F.3d at 601-02.

### III. CONCLUSION

Harden appeals the district court's denial of his motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2). Because Harden was sentenced to a statutory minimum term of imprisonment, Amendment 706 did not lower his applicable guideline range, and, therefore, § 3582(c)(2) did not permit the district court to reduce his sentence. See Moore, 541 F.3d at 1327-28. Harden's argument that Booker, on its own, works to reduce his sentence lacks merit given our decision in Jones. Accordingly, the district court did not err in denying Harden's § 3582(c)(2) motion. **AFFIRMED.**