UNITED STATES of America, Appellee,

v.

Norberto TREVINO–RODRIGUEZ, Appellant.

UNITED STATES of America, Appellee,

v.

Rosalio TREVINO–LOPEZ, Appellant.

Nos. 92–2532, 92–3072.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 18, 1993.

Decided June 4, 1993.

Jerry Strauss, Minneapolis, MN, argued, for Norberto Trevino–Rodriguez.

Arthur Martinez, Minneapolis, MN, argued, for Rosalio Trevino–Lopez.

Jon Hopeman, Asst. U.S. Atty., of Minneapolis, MN, argued for U.S.

Before BOWMAN, WOLLMAN, and HANSEN, Circuit Judges.

BOWMAN, Circuit Judge.

Norberto Trevino–Rodriguez (Norberto) and Rosalio Trevino–Lopez (Rosalio) were convicted of conspiracy to distribute cocaine and to possess cocaine with the intent to distribute it in violation of 21 U.S.C. § 846 (1988), and possession of cocaine with intent to distribute it in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (1988 & Supp. III 1991). Rosalio also was convicted of two counts of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (1988 & Supp. III 1991). Because Rosalio was found to have a prior felony drug conviction, his sentence was increased pursuant to the man-

datory enhanced penalty provision of 21 U.S.C. § 841(b)(1)(A). Norberto appeals his convictions, and Rosalio appeals his sentence. We affirm the judgment of the District Court.[1]

Only a brief recitation of the facts is necessary for purposes of this opinion. Jesse Mendoza, a previously convicted felon, was cooperating with the Hennepin County, Minnesota Sheriff's Office, which was seeking to apprehend his cocaine source. Rosalio and Mendoza exchanged numerous phone calls and arranged for Rosalio to deliver cocaine to Mendoza. Mendoza picked up Rosalio at the Minneapolis/St. Paul airport. They drove together to a meeting across the river at a motel in Roseville, Minnesota with Norberto, who was driving Rosalio's Cadillac up from Texas with Norberto's wife, child, and seven kilograms of cocaine.

Rather than driving to Roseville, however, Norberto arrived and checked into a motel near downtown St. Paul, Minnesota. Rosalio and Mendoza met him there and then drove back to the motel in Roseville. That morning, officers searched the Cadillac and the two motel rooms rented by Rosalio and Norberto. The officers found seven kilograms of cocaine broken up into one-pound bricks and hidden in a panel in the roof of the Cadillac. The officers then arrested Rosalio and Norberto.

■ Norberto contends that his conviction should be reversed because it was error for the trial judge not to grant him a mistrial when he interrupted his own lawyer during the lawyer's opening statement. He also challenges the sufficiency of the evidence to support his conviction.

■ The trial judge has broad discretion to grant or deny a motion for a mistrial, *Illinois v. Somerville,* 410 U.S. 458, 462, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973), and we will not reverse the trial judge's ruling unless an abuse of discretion is shown. *United States v. Beshore,* 961 F.2d 1380, 1382 (8th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 241, 121 L.Ed.2d 175 (1992).

During Norberto's lawyer's opening statement, Norberto interrupted because he believed that the lawyer had misunderstood him and was mistating certain facts to the jury. (Both Norberto and Rosalio used interpreters throughout the trial). The trial court called an immediate recess and excused the jury. Defense counsel conferred with Norberto out of the jury's presence and corrected the misunderstanding. The jury returned, and defense counsel explained his mistake and completed his opening statement. The jury was excused and defense counsel moved for a mistrial. The court denied the motion. The court determined that there were no problems with the interpreters, and Norberto stated that he was satisfied with his lawyer and that the "confusion" about the facts had been cleared up. The jury returned, and the judge gave a curative instruction reminding the jury that opening statements were not evidence in the case.

■ The trial judge did not abuse his discretion in denying the motion for a mistrial. If Norberto suffered any prejudice due to his interruption of his counsel's opening statement, the trial judge cured it with his instruction to the jury. Furthermore, the facts that Norberto felt were being mistated were not crucial to his case. Finally, a defendant should not be able to obtain a mistrial based upon his own disruptive actions, and mistrials have been denied when a defendant committed far more damaging actions than Norberto's interruption. *See, e.g., United States v. Chaussee,* 536 F.2d 637, 641 (7th Cir.1976) (no abuse of discretion in not granting a mistrial when defendant attempted to escape during the trial and in the presence of the jury).

■ Next, Norberto contends that the government did not present sufficient evidence to support his conviction. "The [defendant's] convictions must be upheld if, viewing the evidence in the light most favorable to the government, there is substantial evidence to support the jury's verdict."

1. The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

*United States v. Marin–Cifuentes,* 866 F.2d 988, 992 (8th Cir.1989). Moreover, when "reviewing the jury's verdict, we give the government the benefit of all inferences that may reasonably be drawn from the evidence." *Id.* The government may prove the essential elements of the charge with circumstantial as well as direct evidence. *Holland v. United States,* 348 U.S. 121, 140, 75 S.Ct. 127, 137, 99 L.Ed. 150 (1954). Examining the evidence under these standards, we conclude that the government presented sufficient evidence to support the jury's verdict.

Rosalio's appeal against his sentence challenges the District Court's imposition of the twenty-year mandatory minimum sentence established by 21 U.S.C. § 841(b)(1)(A). That section normally requires a ten-year minimum sentence for the § 841 drug trafficking offenses of which Rosalio was convicted; however, the section requires a twenty-year minimum sentence if the defendant has a prior conviction for a felony drug offense. Rosalio argues that he is not subject to the twenty-year mandatory minimum sentence for two reasons.

▪ First, Rosalio contends that his conviction upon a guilty plea to an unclassified marijuana felony in Kansas does not constitute a prior conviction for a felony drug offense for purposes of 21 U.S.C. § 841(b)(1)(A). In 1990, Rosalio pled guilty to the offense of possessing more than twenty-eight grams of marijuana without affixing thereto the appropriate indicia of tax payment, a violation of Kansas Statutes Annotated § 79–5208 (1989), an unclassified felony.

The language of § 841(b)(1)(A) clearly covers Rosalio's prior conviction in Kansas. It specifically states that a felony drug offense includes "a felony under any law of a State . . . that prohibits or restricts conduct relating to . . . marihuana." In a similar case, the Fourth Circuit has held that a conviction for transporting untaxed marijuana is a prior conviction for purposes of sentencing under an earlier, and less comprehensive, version of § 841(b)(1)(A). *See United States v. Truelove,* 527 F.2d 980 (4th Cir.1975). Rosalio presents no persuasive authority to the contrary. Thus, we conclude that Rosalio's Kan-

sas felony conviction was a prior felony drug offense within the meaning of § 841(b)(1)(A).

▪ Rosalio next contends that the language in 21 U.S.C. § 851(a)(2) requires waiver of or prosecution by indictment for the prior offense upon which imposition of the twenty-year mandatory minimum under § 841(b)(1)(A) is based. Thus, Rosalio argues, because his Kansas conviction did not meet the statutory prerequisites under § 851(a)(2), it cannot be counted as a prior felony drug conviction for purposes of § 841(b)(1)(A). We disagree with his reading of § 851(a)(2). That provision states that "[a]n information may not be filed under this section if the increased punishment which may be imposed is imprisonment for a term in excess of three years unless the person either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed."

In *United States v. Espinosa,* 827 F.2d 604, 617 (9th Cir.1987), *cert. denied,* 485 U.S. 968, 108 S.Ct. 1243, 99 L.Ed.2d 441 (1988), the Ninth Circuit was presented with the identical issue Rosalio raises here. After an informative discussion, the court held that the language "for the offense for which such increased punishment may be imposed" refers to the current offense, not the prior conviction. Since the Ninth Circuit's opinion in *Espinosa,* the Tenth and the Seventh Circuits have been presented with this issue and both circuits have adopted the holding and the reasoning of *Espinosa.* *See United States v. Burrell,* 963 F.2d 976, 992–93 (7th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 357, 121 L.Ed.2d 270 (1992); *United States v. Adams,* 914 F.2d 1404, 1407 (10th Cir.), *cert. denied,* 498 U.S. 1015, 111 S.Ct. 588, 112 L.Ed.2d 593 (1990). We agree with our sister circuits and hold that the language of 21 U.S.C. § 851(a)(2) refers to the prosecution of the current offense. In the present case, the offenses of conviction were prosecuted by indictment. We therefore conclude that § 851(a)(2) does not preclude the use of Rosalio's Kansas conviction as the trigger for application of the twenty-year mandatory minimum sentence of § 841(b)(1)(A).

For the reasons stated, we affirm Norberto Trevino–Rodriguez's convictions, and we affirm Rosalio Trevino–Lopez's sentence.