

1998 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-15-1998

# United States v. Lynch

Precedential or Non-Precedential:

Docket 98-1029

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1998

Recommended Citation

"United States v. Lynch" (1998). *1998 Decisions.* Paper 247.
http://digitalcommons.law.villanova.edu/thirdcircuit_1998/247

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1998 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed October 15, 1998

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 98-1029

UNITED STATES OF AMERICA,

v.

JERRY JEFFREY LYNCH,

      Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 95-cr-00559-1)

Submitted Under Third Circuit LAR 34.1(a)
Friday, September 25, 1998

BEFORE: BECKER, Chief Judge,
WEIS and GARTH, Circuit Judges

(Opinion filed October 15, 1998)

Maureen Kearney Rowley
Chief Federal Defender
David L. McColgin
Assistant Federal Defender
Supervising Appellate Attorney
Sylvia Russianoff
Assistant Federal Defender
Defender Association of Philadelphia
Federal Court Division
437 Chestnut Street
Lafayette Building, Suite 800
Philadelphia, Pennsylvania 19106-2414

Attorneys for Appellant

Michael R. Stiles
United States Attorney
Eastern District of Pennsylvania
Walter S. Batty, Jr.
Assistant United States Attorney
Chief of Appeals
Robert R. Calo
Assistant United States Attorney
Criminal Division
Office of the United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, Pennsylvania 19106

Attorneys for Appellee

OPINION OF THE COURT

GARTH, Circuit Judge:

Appellant Jerry Jeffrey Lynch appeals a prison sentence of 168 months and 16 years supervised release imposed upon him after conviction by guilty plea to an indictment charging drug related offenses on April 2, 1996.1
_____

1. By letter of January 30, 1998, the Clerk of the Court notified the parties in this case that this appeal might be dismissed due to a

Specifically, Lynch pleaded guilty to his indictment for conspiracy to distribute cocaine base, 21 U.S.C. S 846, distribution of cocaine base and aiding and abetting the distribution of cocaine base, 21 U.S.C. S 841(a)(1) and 18 U.S.C. S 2, and distribution of cocaine base and aiding and abetting the distribution of cocaine base within 1,000 feet of a playground, 21 U.S.C. S 860 and 18 U.S.C.S 2. Each of these offenses provides for enhanced penalties if the offender has a prior drug-related conviction.

Prior to Lynch's plea, the government had filed an information that charged Lynch with having been convicted of two state felony charges in the Court of Common Pleas of Bucks County, Pennsylvania. This information wasfiled pursuant to 21 U.S.C. SS 841(b), 851(a)(1). 2 Lynch neither

_____

jurisdictional defect. An appeal from a criminal judgment must be filed within ten days. Fed. R. App. P. 4(b). The judgment and commitment order was entered on October 17, 1997, but the notice of appeal was filed with the Court on October 29, 1997, twelve days later. Lynch is incarcerated, and thus may file a notice of appeal pursuant to the provisions in Fed. R. Civ. P. 4(c); see Houston v. Lack, 487 U.S. 266 (1988). Through his appellate counsel, Lynch submitted to the Court a notarized statement verifying that he deposited the notice of appeal to the prison mail system on October 22, 1997, well within the 10-day deadline. The requirements under Fed. R. Civ. P. 4(c) have been met, and this Court has jurisdiction over this timely filed appeal under 28 U.S.C. S 1291 and 18 U.S.C. S 3742(a).

2. 21 U.S.C. S 841(b) provides in relevant part:

        . . . [A]ny person who violates subsection (a) of this section shall be
        sentenced as follows:

        . . . such person shall be sentenced to a term of imprisonment
        which may not be less than 10 years or more than life . . . If any
        person commits such a violation after a prior conviction for a felony
        drug offense has become final, such person shall be sentenced to a
        term of imprisonment which may not be less than 20 years and not
        more than life imprisonment . . . . If any person commits a violation
        of this subparagraph or of section 849, 859, 860, or 861 of this title
        after two or more prior convictions for a felony drug offense has
        become final, such person shall be sentenced to a mandatory term
        of life imprisonment without release . . . . Any sentence under this
        subparagraph shall, in the absence of such a prior conviction,

waived nor was afforded prosecution by indictment for either of these two prior convictions. The district court enhanced Lynch's statutory sentences in light of the two prior convictions, resulting in an increased sentencing range under the United States Sentencing Guidelines.3

At issue in this case is the construction of the italicized portion of 21 U.S.C. S 851(a), which provides:

> (1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court . . . stating in writing the previous convictions to be relied upon. . . .

> (2) An information may not be filed under this section if the increased punishment which may be imposed is imprisonment for a term in excess of three years unless the person either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed.

_____

> impose a term of supervised release of at least 5 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a term of supervised release of at least 10 years in addition to such term of imprisonment.

Section 841(b) also provides for doubled maximum statutory fines. 21 U.S.C. S 851(a)(1) is reproduced in text, infra.

3. The minimum sentence was increased from five to ten years; the maximum sentence was increased from eighty years to life imprisonment; the period of supervised release was increased from eight to sixteen years. Because the maximum sentence was increased to life imprisonment, Lynch's offense level was increased by three points from 31 to 34. The applicable guideline range was 262 to 327 months after the enhancement, but would have been 188 to 235 months without the enhancement. The district court granted the government's motion made under U.S.S.G. S 5K1.1 based on Lynch's substantial assistance and cooperation to authorities. The district court therefore sentenced Lynch to 168 months imprisonment and the mandatory minimum term of supervised release of 16 years.

4

Id. (italics added). This issue was not raised in the district court; we thus review Lynch's sentence for plain error. United States v. Felton, 55 F.3d 861, 869 n.3 (3d Cir. 1995).

Lynch argues that the highlighted final clause requiring "indictment" refers to his prior convictions and not to the instant offense. In other words, Lynch believes the statute allows enhancements for prior convictions only if those prior convictions proceeded by indictment or if the defendant waived indictment. The government argues that the highlighted portion refers to the instant offense, that is, that 21 U.S.C. S 851(a)(2) allows enhancements for prior convictions no matter how charged providing the present offense for which the defendant is to be sentenced has been charged by indictment or if the right to an indictment had been waived.

Six sister courts of appeal have passed on this precise issue, and all have concluded that the government's interpretation is the correct one. United States v. Gaitan-Acevedo, 148 F.3d 557, 594 (6th Cir. 1998); United States v. Ortiz, 143 F.3d 728, 731–32 (2d Cir.), petition for cert. filed, ___ U.S.L.W. ___ (U.S. Aug. 6, 1998) (No. 98–5543), overruling United States v. Collado, 106 F.3d 1097 (2d Cir. 1997); United States v. Harden, 37 F.3d 595, 600–01 (11th Cir. 1994); United States v. Trevino-Rodriguez, 994 F.2d 533, 536 (8th Cir. 1993); United States v. Burrell, 963 F.2d 976, 992–93 (7th Cir. 1992); United States v. Adams, 914 F.2d 1404, 1406–07 (10th Cir. 1990); United States v. Espinosa, 827 F.2d 604, 617 (9th Cir. 1987).

We agree with the reasoning of those cases. If we were to adopt Lynch's reading of the statute, we would be obliged to exclude many state and foreign prior convictions, which would be contrary to Congress's intent to broaden the scope of prior convictions covered by the statute. See Espinosa, 827 F.2d at 617. As explained by the court in Espinosa,

> [T]he government points out the anomalous situation that would result from Espinosa's interpretation. Despite Congress's evident attempt in 1984 to broaden the scope of S 841(b) prior convictions to include state and foreign convictions (in addition to federal

5

convictions), Espinosa's interpretation would exclude
from the statute's ambit prior convictions in those
states or foreign countries that happen to use a felony
complaint system rather than a grand jury indictment
system.

Id. As the government argues, "Pennsylvania is one of those
states [to which Espinosa refers]. There is no evidence
whatsoever that Congress intended to exclude from
enhanced punishment those defendants who commit
serious drug felony offenses because of the nature of the
charging instrument used in a particular state." Appellee's
Br. at 6.

Moreover, as stated in Ortiz, in overruling an earlier panel
of the Second Circuit in Collado, the argument advanced by
the defendant in Collado is not persuasive in light of new
information adduced by the government. The Collado
defendant had argued that the underlined language was
surplusage if it referred to the instant offense because all
federal felony narcotics prosecutions proceed by indictment
or by waiver of indictment. As the Ortiz court pointed out,
however, not all federal felony narcotics prosecutions
proceeded by indictment when 21 U.S.C. S 851 was
enacted:

> [A]t the time S 851(a)(2) was formulated in 1970, federal
> felony narcotics violations were prosecutable without
> indictment in the Virgin Islands, and the Panama
> Canal Zone. Moreover, in Guam, federal prosecutions
> proceeded without indictment until 1968. The apparent
> redundancy of S 851(a)(2) as applied to federal
> prosecutions evaporates in light of this information,
> because the provision confers a procedural safeguard
> for offenders facing charges eligible for enhancement
> under SS 841-45 in territorial jurisdictions where
> federal prosecution by information is possible.
>
> . . . [L]iberated from the apparent redundancy of the
> statute as applied to federal prosecutions, we find it far
> more sensible in terms of the structure and purpose of
> the statute that the grand jury guarantee refers to the
> instant felony offense.

Ortiz, 143 F.3d at 731 (footnotes omitted).

6

In the same vein, the government points out[4] that the present offenses to which section 851 applies (those in part D of Title 21, ch. 13, subch. 1) do include offenses that need not proceed by indictment or waiver thereof, namely misdemeanors under 21 U.S.C. S 844. This further bolsters the argument that the highlighted text is not redundant if it refers to the instant offense. Accordingly we, in common with the other courts of appeals that have been confronted with this argument, conclude that the italicized phrase reflects and is to be interpreted as congressional intent to include within the purview of S 851 serious recidivists as opposed to petty offenders charged only with misdemeanors.

We thus hold that Lynch has not overcome the plain error threshold. See United States v. Retos, 25 F.3d 1220, 1228-29 (3d Cir. 1994). Even if he had, we also hold on the merits that the government may file an information to establish prior offenses under 21 U.S.C. S 851(a)(2) regardless of whether the prior offenses were charged by indictment or whether the defendant waived indictment in the prior offenses. The government may file an information detailing prior offenses under 21 U.S.C. S 851 if the current offense was charged by indictment or if the defendant waived indictment for the current offense.

We will therefore affirm the district court's order dated

_____

4. The government also argues that if we were to interpret the italicized phrase to refer to the prior convictions and require that they be charged by indictment, an ex post facto problem might arise inasmuch as punishment may not be imposed on an earlier adjudicated offense. See United States v. Adams, 914 F.2d 1404, 1407 (10th Cir. 1990):

> [The] offense which requires indictment or waiver thereof is "the offense for which such increased punishment may be imposed." Obviously the punishment for a past, prior offense cannot be subsequently increased ex post facto. But the punishment for the current offense in the case at bar can appropriately be enhanced and made more severe because the current offense is not the appellant's first violation of the criminal law, but he is a recidivist or "repeat offender."

Id. at 1407 (emphasis in original).

7

October 16, 1997, which enhanced Lynch's sentence as a
result of his two prior convictions.

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit

8