**UNITED STATES, Appellee,**

v.

**Eddie BROWN, Appellant.**

No. 99–3015.

United States Court of Appeals,
District of Columbia Circuit.

Filed Oct. 22, 1999.

Before: GINSBURG, HENDERSON, and GARLAND, Circuit Judges.

### JUDGMENT

PER CURIAM:

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. The court has determined that the issues presented occasion no need for oral argument. *See* D.C.Cir. Rule 34(j). It is

ORDERED AND ADJUDGED that the district court's order denying Brown's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 be affirmed.

The district court granted a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1) on a single issue: whether Brown's trial counsel rendered ineffective assistance at his sentencing. On appeal, Brown argues that his trial counsel was ineffective in failing to assert that Brown's sentence could not be enhanced under 21 U.S.C. § 841 because of ambiguity in the notice provision of 21 U.S.C. § 851. In order to seek an enhanced sentence under § 841, the United States Attorney is required to file an information under § 851. Section 851(a)(2) provides, however, that "[a]n information may not be filed under this section if the increased punishment which may be imposed is imprisonment for a term in excess of three years unless the person either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed." Brown claims that the requirement of an indictment applies to the predicate convictions rather than to the present conviction; alternatively, he argues that the proper application of this requirement is so ambiguous that the rule of lenity would have barred enhancement of his sentence. Brown claims that his counsel's failure to raise these arguments during sentencing fell below an objective standard of reasonableness, and that he was prejudiced because this court would have reversed the district court on the sentence enhancement either by adopting Brown's interpretation of the statute or by applying

the rule of lenity. *See Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (holding that a claim of ineffective assistance of counsel requires both objective deficiency by counsel and prejudice to the defendant).

We reject Brown's appeal because he has failed to demonstrate prejudice. We join the nine other circuits that have considered this issue and hold that the requirement of an indictment in 21 U.S.C. § 851(a)(2) applies to the present conviction. *See United States v. Ortiz,* 143 F.3d 728, 732 (2d Cir.1998), *overruling United States v. Collado,* 106 F.3d 1097 (2d Cir. 1997); *United States v. Lynch,* 158 F.3d 195, 199 (3d Cir.1998); *United States v. Lampton,* 158 F.3d 251, 256 (5th Cir.1998); *United States v. Gaitan–Acevedo,* 148 F.3d 577, 594 (6th Cir.1998); *United States v. Burrell,* 963 F.2d 976, 993 (7th Cir.1992); *United States v. Trevino–Rodriguez,* 994 F.2d 533, 536 (8th Cir.1993); *United States v. Espinosa,* 827 F.2d 604, 617 (9th Cir. 1987); *United States v. Adams,* 914 F.2d 1404, 1407 (10th Cir.1990); *United States v. Harden,* 37 F.3d 595, 601 (11th Cir. 1994). Nor is this section ambiguous such that the rule of lenity would preclude the enhancement of Brown's sentence. *See Ortiz,* 143 F.3d at 731–32.

The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. *See* D.C.Cir. Rule 41.