# United States Court of Appeals
## For the First Circuit

No. 04-1087

UNITED STATES,

Appellee,

v.

JOSÉ SÁNCHEZ, a/k/a VICTOR ALBINO, a/k/a
JUAN CARLOS RODRIGUEZ, a/k/a SAMMY,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]
[Hon. Charles B. Swartwood, III, U.S. Magistrate Judge]

Before

Lynch, Circuit Judge,
Campbell and Stahl, Senior Circuit Judges.

Edward L. Hayden for appellant.
David H. Hennessy, Assistant United States Attorney, with whom
Michael J. Sullivan, United States Attorney, was on brief for
appellee.

November 24, 2004

**CAMPBELL**, **Senior Circuit Judge**.     Jose Sanchez was convicted in the United States District Court for the District of Massachusetts upon his plea of guilty to charges of drug-related offenses and criminal forfeiture.   Because Sanchez had been previously convicted of felony drug offenses in the Pennsylvania state courts, the district court imposed the mandatory minimum sentence of twenty years' imprisonment pursuant to 21 U.S.C. §§ 841(b) and 851.   Sanchez argues that the mandatory minimum sentence provision does not apply to him because his prior state convictions were not prosecuted by indictment nor did he waive indictment for those offenses.   For the reasons stated below, we affirm.

## I.

The relevant facts are not in dispute.   On July 24, 2002, a federal grand jury indicted Sanchez and three co-defendants, who are not parties to this appeal, for conspiring to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846. The grand jury also indicted Sanchez on two counts of distribution of 50 grams or more of a substance containing cocaine base, in violation of 21 U.S.C. § 841(a); two counts of distribution of five grams or more of a substance containing cocaine base, in violation of 21 U.S.C. § 841(a); and one count of criminal forfeiture, in violation of 21 U.S.C. § 853(a).

On February 7, 2003, the United States filed a previous offender information under 21 U.S.C. § 851(a), giving notice of the

prosecution's intention to seek the enhanced penalties prescribed in 21 U.S.C. § 841, based on prior state convictions for a felony drug offense. The information alleged that Sanchez had been previously convicted of drug felonies in the Court of Common Pleas of Berks County, Pennsylvania. The parties agree that those felonies were not prosecuted by indictment nor was there a waiver of indictment.

On September 25, 2003, Sanchez pleaded guilty. In accordance with 21 U.S.C. § 851(b), the district court inquired of Sanchez whether he affirmed or denied the prior convictions alleged in the information. Sanchez affirmed the existence of the prior convictions, but argued that they should not be used to enhance his sentence because, in Sanchez's view, enhancement was appropriate only where the prior state felonies were prosecuted by indictment or he had waived indictment for those offenses, pursuant to a provision in 21 U.S.C. § 851(a)(2), infra. At sentencing, the district court ruled that the indictment requirement set out in § 851(a)(2) applied to the present federal offenses, and not to the prior predicate convictions. Accordingly, the district court imposed the mandatory minimum sentence of twenty years'

imprisonment based on Sanchez's prior drug felony convictions.[1]
See 21 U.S.C. §§ 841(b)(1)(A) and (b)(1)(B).[2]

## II.

Disputes regarding the interpretation of a statute give rise to legal questions subject to de novo review. United States v. Rosa-Ortiz, 348 F.3d 33, 36 (1st Cir. 2003). The statute here in issue, 21 U.S.C. § 851(a), provides in pertinent part:

> (1) No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless . . . before entry of a plea of guilty, the United States attorney files an information with the court . . . stating in writing the previous convictions to be relied upon. . . .
>
> (2) An information may not be filed under this section if the increased punishment which may be imposed is imprisonment for a term in excess of three years unless the person either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed.

21 U.S.C. § 851(a) (emphasis added).

---

[1]The district court also ordered Sanchez to forfeit his interest in certain property, consisting of cash exchanged for crack cocaine, held jointly and severally with the three co-defendants. Sanchez does not challenge this portion of the sentencing decision.

[2]21 U.S.C. § 841(b)(1)(A) imposes a 20-year mandatory minimum sentence for cases involving 50 or more grams of crack cocaine if the defendant commits the violation after a prior conviction for a felony drug offense. Section 841(b)(1)(B) imposes a 10-year mandatory minimum for cases involving five or more grams of cocaine base if the defendant commits the violation after a prior conviction for a felony drug offense.

-4-

On appeal, Sanchez renews his argument, rejected by the district court, that the phraseology in § 851(a)(2) requiring that the person subject to increased punishment be afforded prosecution by indictment, or else have waived indictment, "for the offense for which such increased punishment may be imposed," is ambiguous as to whether it refers to the present offense or to the prior predicate convictions. Because of this ambiguity, Sanchez contends the rule of lenity should be applied in his favor and his case remanded for resentencing. The United States argues that the phrase "the offense for which such increased punishment may be imposed" refers logically to the federal offenses for which Sanchez has been currently sentenced, and not to the prior state convictions used to enhance the current sentence. It is undisputed that the instant federal offenses were prosecuted by indictment.

The question posed is one of first impression in this circuit. Sanchez concedes, however, that of the several other federal courts of appeal that have construed 21 U.S.C. § 851(a)(2), all have held that the indictment requirement applies to the present offense of conviction, and not to the one or more prior convictions that may be used to enhance the sentence. See United States v. Brown, 191 F.3d 486, 487 (D.C. Cir. 1999); United States v. Lampton, 158 F.3d 251, 256 (5th Cir. 1998); United States v. Lynch, 158 F.3d 195, 198-99 (3d Cir. 1998); United States v. Ortiz, 143 F.3d 728, 732 (2d Cir. 1998), overruling United States v.

Collado, 106 F.3d 1097 (2d Cir. 1997); United States v.
Gaitan-Acevedo, 148 F.3d 577, 594 (6th Cir. 1998); United States v.
Harden, 37 F.3d 595, 601 (11th Cir. 1994); United States v.
Trevino-Rodriguez, 994 F.2d 533, 536 (8th Cir. 1993); United States
v. Burrell, 963 F.2d 976, 992-93 (7th Cir. 1992); United States v.
Adams, 914 F.2d 1404, 1407 (10th Cir. 1990); United States v.
Espinosa, 827 F.2d 604, 617 (9th Cir. 1987).

In the earliest of those decisions, Espinosa, the Ninth
Circuit gave three reasons for concluding that the indictment
requirement in § 851(a)(2) referred to the current offense of
conviction.  Espinosa, 827 F.2d at 617.  First, the court noted
that "although one may not be punished twice for the same crime,
punishment for a second crime may be enhanced by reason of a second
conviction."  Id.  It then concluded that "a common-sense reading
of the phrase 'offense for which such increased punishment may be
imposed' is the current, or latest, offense."  Id.[3]  Second, the

---

[3]The Ninth Circuit does not actually say, as has sometimes
been inferred and as the government implies here, that there would
be a double jeopardy or ex post facto concern with applying the
statute to the prior conviction.  See, e.g., Harden, 37 F.3d at
601;  Burrell, 963 F.2d at 992; Adams, 914 F.2d at 1407.  Rather,
the Espinosa court seems to be saying simply that the language of
§ 851(a)(2) is most reasonably parsed to indicate that the
indictment requirement refers to the present offense, the sentence
for which is being enhanced because of the prior conviction.  We
agree with others who have pointed out that there is no evident
double jeopardy or ex post facto problem with construing §
851(a)(2) as applying to the prior offenses.  As stated by the
Second Circuit in Ortiz,

Enhanced sentencing for recidivism has long been approved

-6-

Ninth Circuit noted that the two other usages of the word "offense" in § 851 refer to the current offense while the terms "prior conviction" and "previous conviction" are employed to refer to the earlier conviction. Id. Finally, the Ninth Circuit stated that the defendant's proposed interpretation would result in an anomalous situation. "Despite Congress's evident attempt in 1984 to broaden the scope of § 841(b) prior convictions to include state and foreign convictions (in addition to federal convictions), [the defendant's] interpretation would exclude from the statute's ambit prior convictions in those states or foreign countries that happen to use a felony complaint system rather than a grand jury indictment system." Id.

Other circuit courts have followed much the same path to a similar result. See, e.g., Brown, 191 F.3d at 487 (agreeing with the circuit courts that have interpreted the indictment requirement to refer to the present offense); Lynch, 158 F.3d at 197-98 (same); Gaitan-Acevedo, 148 F.3d at 594 (same); Harden, 37 F.3d at 601 (agreeing with Burrell, Adams and Espinosa); Trevino-Rodriguez, 994 F.2d at 536 (same); Burrell, 963 F.2d at 992-93 (adopting the

notwithstanding that the prior offenses occurred prior to passage of the enhancement provision; the lawfulness of the procedure cannot depend on the semantic factor of whether a recidivism statute refers to the first conviction, or the second, or the combination of the two as requiring the enhancement. In each case, the effect would be exactly the same.

Ortiz, 143 F.3d at 730 (citation omitted).

-7-

"careful reasoning set forth in Adams and Espinosa"); Adams, 914 F.2d at 1407 (adopting the reasoning in Espinosa).

Although Sanchez concedes that precedent is now entirely against him, he relies upon the reasoning employed in a since-abandoned case that supports his interpretation, to wit, United States v. Collado. There, the defendant successfully argued to a panel of the Second Circuit that the indictment requirement would be "mere surplusage" if it referred to the present offense, because "[a]ll federal felony prosecutions are required to proceed by indictment." Collado, 106 F.3d at 1103. The panel agreed that the language in § 851(a)(2) was ambiguous. Id. It invoked the rule of lenity to hold that the defendant's sentence in that case should not be enhanced based on a prior conviction prosecuted without indictment or waiver of indictment. Id.

The Second Circuit, however, has since rejected the decision in Collado. See Ortiz, 143 F.3d at 731-32. Writing for the court in Ortiz, Judge Leval (a member of the earlier Collado panel) explained the departure from Collado as being based upon updated information presented by the government that "at the time § 851(a)(2) was formulated in 1970, federal felony narcotics violations were prosecutable without indictment in the Virgin Islands, and the Panama Canal Zone." Id. at 731. This information undermined the Collado court's belief that all relevant federal prosecutions were by indictment, a mistaken assumption that would

-8-

have rendered § 851(a)(2) surplusage if applied to the current offense.  See id.  The Ortiz panel went on to state that "[t]he apparent redundancy of § 851(a)(2) as applied to federal prosecutions evaporates in light of this information, because the provision confers a procedural safeguard for offenders facing charges eligible for enhancement . . . in territorial jurisdictions where federal prosecution by information is possible."  Id.  While in Ortiz the Second Circuit characterized § 851(a)(2) as being "not free of ambiguity," it found "it far more sensible in terms of the structure and purpose of the statute that the grand jury guarantee refers to the instant felony offense."  Id.  We agree.

Sanchez argues, however, that the updated information discussed in Ortiz has done no more than continue to demonstrate the inherent ambiguity of § 851(a)(2).  Even if federal felony drug offenses were prosecutable without indictment in the Virgin Islands and the Panama Canal Zone in 1970, it is nonetheless still unclear, he argues, whether Congress intended the indictment requirement to apply to the present offense or to the prior convictions.  In light of the purported ambiguity, Sanchez insists we should invoke the rule of lenity to preclude the enhancement of his sentence.

We disagree.  "The rule of lenity applies only if, 'after seizing everything from which aid can be derived,' we can make 'no more than a guess as to what Congress intended.'"  Reno v. Koray, 515 U.S. 50, 65 (1995) (citations omitted).  While the language of

§ 851(a)(2) is less than crystal clear, it is not so unclear that resort to the rule of lenity should follow. See Brown, 191 F.3d at 487 ("Nor is this section ambiguous such that the rule of lenity would preclude the enhancement of [the defendant's] sentence."); Lampton, 158 F.3d at 256 (rejecting defendant's rule of lenity argument). The statutory language, "unless the person either waived or was . . . [indicted] . . . for the offense for which such increased punishment may be imposed," 21 U.S.C. § 851(a)(2) (emphasis added), points most naturally to the current offense (the offense for which the increased punishment will be imposed on account of the prior convictions) rather than to the enhancing prior convictions themselves. And we agree with the Ortiz court that it is more reasonable to infer that Congress intended to ensure that the instant prosecution, in which the defendant stands in jeopardy of an enhanced punishment, is safeguarded by the grand jury guarantee. Ortiz, 143 F.3d at 731-32. Given Congress' intent to enhance sentences for second offenders, it is also unlikely that Congress intended to create a varied system that would shield from enhanced punishment those defendants, such as Sanchez, who commit serious drug felony offenses simply because of the nature of the charging instrument used in a particular state or other jurisdiction. See id. at 732; Lynch, 158 F.3d at 198; Espinosa, 827 F.2d at 617.

We see no need to say more, given the extensive analysis already appearing in <u>Ortiz</u> and the other circuit opinions. We hold that the district court's reading of 21 U.S.C. § 851(a)(2) was the correct one, and that the indictment condition in § 851(a)(2) refers to the current offense. Because Sanchez's current offenses of conviction were prosecuted by indictment, § 851(a)(2) does not preclude the use of the prior Pennsylvania convictions that were not so prosecuted to trigger the enhanced mandatory minimum penalty.

**Affirmed**.