**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted May 27, 2009
Decided June 22, 2009

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-2210

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 07-cr-30071-001 |
| JERRY PIRTLE, *Defendant-Appellant.* | Jeanne E. Scott, *Judge*. |

**O R D E R**

Jerry Pirtle pleaded guilty without a plea agreement to distributing more than 50 grams of crack.  *See* 21 U.S.C. § 841(a)(1).  The government successfully sought an enhanced statutory minimum because Pirtle had a prior felony drug conviction.  *See id.* §§ 841(b)(1)(A), 851.  The district court sentenced him to the statutory minimum of 20 years' imprisonment, and he appealed.  Pirtle's appointed counsel now seeks to withdraw because he has concluded that any issue on appeal would be frivolous.  *See Anders v. California*, 386 U.S. 738 (1967).  Pirtle responded to counsel's motion to withdraw.  *See* CIR. R. 51(b).  We limit our review to the potential issues raised in counsel's facially adequate brief and Pirtle's submission.  *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Although counsel was unsure when he wrote his brief whether Pirtle wanted to challenge the guilty plea itself, Pirtle's submission appears to do so, and so we shall proceed to examine the plea colloquy for a nonfrivolous issue. *See United States v. Knox*, 287 F.3d 667, 670-72 (7th Cir. 2002). But because Pirtle did not seek to withdraw his plea in the district court, we would review any issue for plain error. *See* FED. R. CRIM. P. 11; *United States v. Vonn*, 535 U.S. 55, 59 (2002); *United States v. Franklin*, 547 F.3d 726, 732 (7th Cir. 2008).

The only deviation from Rule 11 occurred when the district court informed Pirtle that he had the right to be represented at trial by attorney—appointed if necessary—but did not include that the right also extended to every stage of the proceeding. *See* FED. R. CRIM. P. 11(1)(D). A challenge on this basis would be frivolous because there is no indication that Pirtle would not have pleaded guilty if the court had told him about that right. *See United States v. Dominquez Benitez*, 542 U.S. 74, 83 (2004); *United States v. Griffin*, 521 F.3d 727, 730 (7th Cir. 2008). In fact, Pirtle never mentions access to representation in his submission. Rather, he complains that he was not adequately informed about the 20-year statutory minimum. *See* FED. R. CRIM. P. 11(b)(1). He focuses on one part of the sentencing hearing in which the district court reminded him that "at the time you entered your guilty plea you were told of the possibility that it would be 20 years if you had a prior conviction." He contends that the word "possibility" does not convey that it was a mandatory minimum. But Pirtle wrongly focuses on the sentencing hearing instead of the plea hearing. The court twice told him at the plea hearing that there was a 20-year statutory minimum if he had a prior felony drug conviction, and both times Pirtle said that he understood. We would presume that statement to be true, *see Schuh*, 289 F.3d at 975, and thus would conclude that when Pirtle decided to plead guilty he was aware of the statutory minimum. Whatever import the court's later statement has, it does not contradict that Pirtle was aware that he was facing a 20-year minimum. In sum, Pirtle has not identified plain error which would allow him to withdraw his guilty plea.

In the remainder of the brief, counsel examines whether Pirtle could challenge the sentencing enhancement based on any inadequacies in the government's information conveying its notice of intent to use a prior conviction to enhance the sentence. *See* 21 U.S.C. § 851. For instance, counsel considers whether the district court should have refused to apply the enhancement because the government's initial information erroneously identified the prior conviction as one for possessing a look-alike substance. But as counsel concludes, any challenge would be frivolous because the government amended the information before sentencing to reflect that the conviction was actually for possessing a controlled substance. Section 851(a)(1) allows the government to correct clerical mistakes in the information at any time before the pronouncement of the sentence. An error is considered a clerical mistake "as long as the information serves to convey the Government's intent to seek an

enhancement based on a particular earlier conviction." *United States v. Curiale*, 390 F.3d 1075, 1076-77 (8th Cir. 2004). The initial information conveyed the government's intent to seek an enhancement and identified the correct case number, jurisdiction, and classification of offense. *See United States v. Arreola-Castillo*, 539 F.3d 700, 704 (7th Cir. 2008). Therefore, we agree that the error was a clerical mistake, and any challenge to it would be frivolous.

Next, both Pirtle and counsel consider whether Pirtle could challenge the enhancement for deficiencies in service because the amended notice stated that it was served electronically on Pirtle's former lawyer, who no longer represented him. *See* 21 U.S.C. § 851(a)(1) (requiring information to be served on defendant or his counsel). The record, however, shows that Pirtle's new lawyer had electronically filed papers in the case, and thus was registered as counsel in the electronic case filing system. Therefore, regardless of whose name was listed on the information, all electronic filings in the case were automatically sent to Pirtle's new lawyer as counsel of record. *See* C.D. ILL. LOC. R. 5.3 ("When a pleading or other paper is filed electronically, the 'Notice of Electronic Filing' generated by the Court's Electronic Case Filing System shall constitute service of that document on any person who is a registered participant in that System."). Furthermore, Pirtle's new lawyer referred to the amended information at the sentencing hearing, demonstrating that he, in fact, had received notice.

Counsel and Pirtle also consider whether he could challenge the enhancement because the district court did not explicitly ask him whether he affirmed or denied the prior conviction as required by 21 U.S.C. § 851(b). But the purpose of the inquiry—to ensure that Pirtle has an opportunity to object to the prior conviction—was served when the court asked him at sentencing if he had any objections to the presentence report, which relied upon the prior conviction. *See United States v. Williams*, 298 F.3d 688, 692-93 (7th Cir. 2002). Pirtle had no objections to the report and instead argued that the crack-powder cocaine disparity should reduce his sentence to the equivalent of distributing more than 50 grams of powder cocaine, a crime with no statutory minimum. *See* 21 U.S.C. § 841(b)(1)(C). Regardless, though, Pirtle was prohibited from challenging the validity of the 1991 conviction because it occurred more than five years earlier. *See* 21 U.S.C. § 851(e). Therefore, the court had no duty to inquire, and so we would consider the failure to do so to be inconsequential. *See United States v. Vinyard*, 539 F.3d 589, 593-94 (7th Cir. 2008).

Last, counsel considers whether Pirtle could challenge the enhancement because the government did not prove that the prior conviction was brought by indictment, *see* 21 U.S.C. § 851(a)(2), but this argument has already been foreclosed. We, and every other circuit that has considered the issue, have held that § 851(a)(2)'s indictment requirement applies to the present prosecution, not the prior conviction. *See United States v. Burrell*, 963 F.2d 976, 992-93 (7th Cir. 1993); *United States v. Sánchez*, 389 F.3d 271, 273 (1st Cir. 2004) (collecting cases).

Because the record shows that the present conviction resulted from prosecution by indictment, this challenge would also be frivolous.

In his submission Pirtle contends that his lawyer was ineffective because he wrongly predicted that pleading guilty would lead to a lower sentence. If Pirtle wants to challenge the adequacy of his counsel's performance, he should raise it on collateral review, not direct appeal, so that a more complete record can be developed about what happened outside the courtroom. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003); *United States v. Harris*, 394 F.3d 543, 557-58 (7th Cir. 2005).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.