**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4357**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

       v.

DANIEL MCINTOSH, a/k/a Barfly, a/k/a B-Fly,

             Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Roger W. Titus, Senior District Judge.
(8:10-cr-00777-RWT-14)

Argued:  January 28, 2016            Decided:  August 23, 2016

Before WILKINSON, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED**: Carmen D. Hernandez, LAW OFFICES OF CARMEN D. HERNANDEZ,
Highland, Maryland, for Appellant.  Sonja M. Ralston, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.
**ON BRIEF:** Leslie R. Caldwell, Assistant Attorney General,
Sung-Hee Suh, Deputy Assistant Attorney General, Appellate
Section, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C.; Rod J. Rosenstein, United States Attorney,
Baltimore, Maryland, Sujit Raman, Chief of Appeals, OFFICE OF
THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Daniel McIntosh ("Appellant") of conspiracy to possess with intent to distribute marijuana, conspiracy to launder money, and aiding and abetting interstate travel in furtherance of drug trafficking. The district court sentenced Appellant to 120 months of imprisonment and ordered him to forfeit over $6.3 million. He timely appealed and alleges several errors arising from his trial and sentencing.

We have reviewed the record and find no reversible error. Therefore, for the reasons that follow, we affirm.

I.

During a decade-long, multi-state marijuana trafficking conspiracy beginning in 2001, Appellant and 15 co-conspirators directed thousands of pounds of marijuana into Baltimore, Maryland, from California and Canada by tractor-trailer and airplane.[1] Appellant was heavily involved in the conspiracy: he arranged for drivers as well as deliveries of marijuana, assisted in unloading trucks containing up to 100 pounds of marijuana at a time, collected and counted proceeds, and helped in dividing up the marijuana for distribution.

---

[1] We recite the facts in the light most favorable to the Government, as the prevailing party at trial. See United States v. Said, 798 F.3d 182, 186 n.2 (4th Cir. 2015).

In 2007, Appellant took over a Baltimore bar/music venue called Sonar, which he utilized as a cover for the illicit marijuana operation. Sonar struggled with its operational expenses, yet the infusion of cash from the marijuana operation that was commingled with Sonar's proceeds helped Appellant pay Sonar's bills, including payroll, outstanding checks, and tax obligations. Moreover, Appellant used Sonar and its employees to coordinate the marijuana distribution network. For instance, Sonar was used as a drop-off and pick-up location for the cash that supported the conspiracy, Appellant paid a co-conspirator through Sonar's payroll, and Appellant had a Sonar employee deliver marijuana to an off-premises location.

In May 2012 in the District of Maryland, Appellant was charged by a second superseding indictment, which was then amended on September 11, 2012, with the following crimes: conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana, in violation of 21 U.S.C. § 846 ("Count One"); conspiracy to launder money, in violation of 18 U.S.C. § 1956(h) ("Count Two"); money laundering by concealment, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) ("Count Three"); knowingly maintaining a premises for the purpose of distributing marijuana, in violation of 21 U.S.C. § 856(a)(1) ("Count Four"); managing and controlling a place for the purpose of unlawfully storing, distributing, and using

3

marijuana, in violation of 21 U.S.C. § 856(a)(2) ("Count Five"); and aiding and abetting interstate commerce in furtherance of drug trafficking, in violation of 18 U.S.C. §§ 1952, 2 ("Count Six").

On the first day of trial, September 11, 2012, the Government filed an information pursuant to 21 U.S.C. § 851 (the "Information"), seeking to enhance Appellant's sentence and citing four prior felony drug offenses. Appellant was convicted of three of the offenses in Pennsylvania in 1998: possession with intent to deliver marijuana, attempted possession of marijuana, and attempted possession of marijuana with intent to deliver. He was convicted of the remaining offense -- possession with intent to distribute marijuana -- in Maryland in 2005. As a result, the Government submitted that if the jury convicted Appellant of conspiracy to distribute less than 1,000 kilograms but more than 100 kilograms, he would be subject to a mandatory minimum term of ten years in prison. See 21 U.S.C. § 841(b)(1)(B).

The trial lasted approximately 25 days. At trial, Appellant filed a motion to exclude evidence of the prior Pennsylvania and Maryland marijuana convictions. He claimed that including such convictions would violate Rule 404(b) of the Federal Rules of Evidence. The district court denied Appellant's motion but cautioned the jury twice that the

4

evidence was to be used only for the limited purposes outlined in Rule 404(b).

During trial, the Government introduced evidence that, as to the Pennsylvania offenses, Appellant paid $12,000 for 15 pounds of marijuana from a confidential informant, and police then recovered approximately one ounce of marijuana from Appellant's car. About one month later, Appellant arranged for a courier to pay $2,400 for five pounds of marijuana. At a consolidated proceeding, Appellant pled guilty to attempted possession of marijuana and possession with intent to distribute marijuana with regard to the 15-pound purchase. When he denied involvement with the five-pound purchase, he was allowed to enter an Alford plea[2] to the charges of attempted possession of marijuana and conspiracy to possess with intent to deliver marijuana. The Government also introduced a court record reflecting Appellant's Maryland conviction for possession with intent to distribute marijuana, but no additional facts were provided to the jury with regard to this conviction.

Ultimately, in the instant case, the District of Maryland jury found Appellant guilty of a lesser included

_____

[2] See North Carolina v. Alford, 400 U.S. 25 (1970) (authorizing a defendant to waive trial and to consent to punishment without admitting participation in the acts constituting the crime).

5

offense in Count One, that is, conspiracy to distribute more than 100 but less than 1,000 kilograms of marijuana; Count Two, conspiracy to launder money; and Count Six, interstate travel in furtherance of drug trafficking. He was acquitted of the remaining counts.

At sentencing on March 20, 2014, the district court established that Appellant was a career offender, and thus, his advisory Sentencing Guidelines range was 360 months to life imprisonment. The district court also determined that Appellant was subject to a mandatory minimum sentence of ten years based on the Government's § 851 Information. Ultimately, the district court varied downward and sentenced Appellant to the mandatory minimum of 120 months for the drug conspiracy, a concurrent 120 months for the money laundering conspiracy, and a concurrent 60 months for the conviction of interstate travel in furtherance of unlawful activity. The district court also ordered Appellant to forfeit over $6.3 million, representing the gross proceeds from his criminal activity.

In this appeal, Appellant claims the district court erred in five ways: (1) admitting evidence of his prior marijuana convictions in violation of Rule 404(b) (the "Rule 404(b) argument"); (2) imposing the mandatory minimum sentence of 120 months based on the Information (the "sentencing argument"); (3) imposing a forfeiture order without a

6

constitutional, factual, or statutory basis; (4) preventing Appellant from presenting a defense and confronting witnesses; and (5) denying his motion for acquittal based on insufficiency of the evidence. While we reject each of these arguments, we focus on the first two: the Rule 404(b) argument and the sentencing argument.

## II.

### Rule 404(b) Argument

#### A.

We review a district court's Rule 404(b) evidentiary determinations for abuse of discretion. See United States v. Briley, 770 F.3d 267, 275-76 (4th Cir. 2014). "Under this standard, a district court abuses its discretion when it acts arbitrarily or irrationally" in admitting the evidence. Id. (internal quotation marks omitted). Even if the district court abused its discretion, Appellant must still surmount the harmless error hurdle. See United States v. Madden, 38 F.3d 747, 753 (4th Cir. 1994). "Where error is founded on a violation of Rule 404(b), the test for harmlessness is whether we can say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." Id. (internal quotation marks omitted).

B.

The district court denied Appellant's motion to exclude his prior convictions because it concluded these prior convictions were relevant, necessary, reliable, and not unduly prejudicial. On appeal, Appellant (1) contends the Government did not timely provide notice of its intended use of this evidence; and (2) challenges the relevancy of the prior convictions. We conclude that the district court did not abuse its discretion.

1.

We first address Appellant's argument that the Government did not provide timely notice of its intent to use Rule 404(b) evidence. Rule 404(b)(2) provides that upon request by the defendant, the Government must, before trial, "provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial." Fed. R. Evid. 404(b)(2)(A). Such a notice "is intended to reduce surprise and promote early resolution on the issue of admissibility." Fed. R. Evid. 404(b) advisory committee's note to 1991 amendments. Accordingly, if the Government does not comply with the notice requirement of Rule 404(b), the proffered evidence is inadmissible. See id. ("[T]he notice requirement serves as condition precedent to admissibility of 404(b) evidence.").

8

Contrary to Appellant's argument, the Government satisfied the notice requirement. Appellant's trial counsel herself acknowledged that August 1, 2012, was "the first time [the Government] set out in some specificity what [the Government was] hoping to submit to the court." J.A. 1700.[3] This was 41 days prior to trial. Then, on August 26, 2012, the Government again informed Appellant that it "may introduce evidence of [Appellant's] prior drug arrests and convictions under [R]ule 404(b)." G.S.A. 30.[4] These notices were given several weeks before the trial was set to begin on September 11. And, although the content of the notice was broad in scope, the Government nonetheless met the requirement by providing the "general nature" of the type of evidence it was planning to introduce. Fed. R. Evid. 404(b)(2).

Moreover, Appellant cannot claim that he was surprised at trial because on September 11, 2012, he conceded in a motion in limine "the [G]overnment has informed the defense that it may introduce [Rule 404(b)] evidence." G.S.A. 40; see United States v. Basham, 561 F.3d 302, 327 n.12 (4th Cir. 2009) (sufficient notice when record indicates that the defendant had actual

_____

[3] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

[4] Citations to the "G.S.A." refer to the Government's Supplemental Appendix filed in this appeal.

9

notice); United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997) ("[I]n cases where the prosecution has notified the defendant of its intent to use particular Rule 404(b) evidence[,] . . . the fear of a 'trial by ambush' recedes."). Indeed, it was nearly a month into trial, on October 9, 2012, when the prior-act evidence was ultimately introduced, and Appellant has provided no support for the notion that he lacked time to prepare a sufficient defense.

Under these circumstances, we conclude the Government provided reasonable notice to Appellant under Rule 404(b).

2.

Appellant next challenges the relevancy of the Pennsylvania and Maryland convictions. Rule 404(b)(1) of the Federal Rules of Evidence states, "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Moreover, "Rule 404(b) is a rule of inclusion," and relevant evidence will be admitted except "that which tends to prove only criminal disposition." Briley, 770 F.3d at 275 (internal quotation marks omitted).

10

In assessing admissibility of Rule 404(b) evidence, this court has set forth the following requirements:

> (1) the prior-act evidence must be relevant to an issue other than character, such as intent; (2) it must be necessary to prove an element of the crime charged; (3) it must be reliable; and (4) its probative value must not be substantially outweighed by its prejudicial nature.

United States v. Lespier, 725 F.3d 437, 448 (4th Cir. 2013) (alteration omitted) (internal quotation marks omitted). Appellant contends the prior-act evidence in this case was "not relevant or necessary," Appellant's Br. 16, but his brief only makes a sufficient argument on the relevancy issue. Therefore, our review is restricted to that issue. See Fed. R. App. P. 28(a)(8)(A); Projects Mgmt. Co. v. Dyncorp Int'l LLC, 734 F.3d 366, 376 (4th Cir. 2013) (argument is waived when a party fails to support its contentions "with citations to the authorities and parts of the record on which it relies" (alteration omitted) (internal quotation marks omitted)).

Evidence is relevant when it is "sufficiently related to the charged offense," and "[t]he more closely that the prior act is related to the charged conduct in time, pattern, or state of mind, the greater the potential relevance of the prior act." United States v. McBride, 676 F.3d 385, 397 (4th Cir. 2012) (internal quotation marks omitted). However, when time, manner, place, or pattern of conduct of the prior activity is not

11

related to the offense, past drug activity, in and of itself, is not a sufficient nexus. See United States v. Johnson, 617 F.3d 286, 297 (4th Cir. 2010).

Applying these principles here, the fact that Appellant's prior convictions were strikingly similar to the charged conduct weighs in favor of admission. Considering that Appellant faced charges of conspiracy to distribute and possession with intent to distribute marijuana and engaging in interstate travel in furtherance of drug distribution activities, the district court admitted the evidence of Appellant's prior marijuana convictions because the evidence was "some indication of distributive intent." J.A. 1728.

Further, inclusion of this evidence goes well beyond a mere showing of Appellant's criminal disposition. Rather, the convictions are relevant to show Appellant's state of mind, intent, pattern of conduct of ongoing involvement, and knowledge of the drug distribution trade. See McBride, 676 F.3d at 397; Johnson, 617 F.3d at 297; see also United States v. Rooks, 596 F.3d 204, 211 (4th Cir. 2010) (holding that a 14-year-old conviction was relevant to show "familiarity with drug distribution business").

In fact, for his Pennsylvania convictions, Appellant first paid $12,000 to obtain 15 pounds of marijuana and then utilized a courier to pick up several more pounds of marijuana

12

on his behalf -- quite similar to his conduct in this case. Additionally, the Government introduced Appellant's 2005 Baltimore County conviction for possession with intent to distribute marijuana, which took place at the same time, same place, and consisted of the same conduct as that charged in the instant case. As in Rooks, the prior convictions in this case were offered for permissible purposes under Rule 404(b), that is, to show Appellant's familiarity with drug distribution practices and intent to distribute marijuana in the Baltimore area. And as set forth in McBride, the prior acts in this case "closely . . . relate[] to the charged conduct in time, pattern, or state of mind." 676 F.3d at 397.

Significantly, the district court prefaced the introduction of each of these convictions with an instruction explaining their limited evidentiary purpose. See United States v. Williams, 461 F.3d 441, 451 (4th Cir. 2006) (explaining that limiting instructions mitigate any possibility of prejudice because we "presum[e] that the jury obeyed [them]" (internal quotation marks omitted)). As a result, we have no difficulty concluding that the prior-act evidence in this case was relevant. Appellant's Rule 404(b) arguments, therefore, fail.

Even if we assume the district court erred in this regard, the admission of such evidence was not harmful error. The evidence against Appellant was overwhelming during the

13

multi-week trial, including the Government's introduction of testimony from numerous witnesses and co-conspirators. We conclude that excluding the prior convictions would not have altered the jury's decision, and thus any perceived error is harmless. See Madden, 38 F.3d at 753.[5]

### III.

### Sentencing Argument

#### A.

Appellant also challenges the propriety of the district court's imposition of a mandatory minimum sentence based on the Government's Information. In addressing such a challenge, we review the court's findings of fact for clear error and its legal conclusions de novo. See United States v. Kellam, 568 F.3d 125, 143 (4th Cir. 2009).

#### B.

Section 851(a)(1) provides that the Government must request increased punishment for a defendant by filing an information stating that the defendant has one or more prior

---

[5] Appellant also alleges numerous other erroneous evidentiary rulings, yet fails to support his contentions with citations to the record. See Fed. R. App. P. 28(a)(8)(A); Projects Mgmt., 734 F.3d at 376 ; Johnson v. United States, 734 F.3d 352, 360 (4th Cir. 2013) (determining that an appellant waived his claim when he failed "in any meaningful way" to comply with the dictates of Rule 28 of the Federal Rules of Appellate Procedure). Nonetheless, we have reviewed the record and cannot divine any error in this regard.

convictions qualifying him for a sentence enhancement. According to 21 U.S.C. § 841(b)(1)(B)(vii) and § 846, a person convicted of conspiracy to distribute and possess with intent to distribute 100 kilograms or more of marijuana is subject to a ten-year mandatory minimum if he has a prior conviction for a felony drug offense. See 21 U.S.C. § 841(b)(1)(B). In this case, the Government cited all of the Pennsylvania convictions and the Maryland conviction as qualifying convictions. Appellant contends the convictions cannot be used to enhance his sentence for three reasons: (1) the Pennsylvania convictions were not charged by indictment; (2) any fact that increases the mandatory minimum sentence must be alleged in an indictment and proved to the jury beyond a reasonable doubt; and (3) the Controlled Substances Act violates the separation of powers by giving the executive branch the power to classify marijuana as a controlled substance and prosecute offenses as well.[6]

We easily dispose of Appellant's second and third arguments as they have been roundly rejected by the Supreme

---

[6] Appellant also argues in a conclusory fashion that the Maryland conviction "c[annot] be used to enhance the sentence because it was not a separate prior but rather, it was part of the instant offense." We need not consider this argument because McIntosh fails to cite any authority supporting his position. See Fed. R. App. P. 28(a)(8)(A). Moreover, the Pennsylvania convictions are sufficient to trigger § 841(b)(1)(B)'s 10-year mandatory minimum.

15

Court.  See Alleyne v. United States, 133 S. Ct. 2151, 2160 & n.1 (2013) (recognizing the "general rule" that "[f]acts that expose a defendant to a punishment greater than that otherwise legally prescribed were by definition 'elements' of a separate legal offense," but acknowledging that "the fact of a prior conviction" is an "exception" to this rule (citing Almendarez-Torres v. United States, 523 U.S. 224 (1998)) (internal quotation marks omitted)); Touby v. United States, 500 U.S. 160, 167-68 (2012) (rejecting argument that the separation of powers is upset by the Attorney General's dual role of scheduling drugs and prosecuting those who manufacture and distribute those drugs, explaining that argument "has no basis in our separation-of-powers jurisprudence").

Next, we turn to Appellant's argument that his Pennsylvania convictions do not qualify because they were not charged by indictment.  Section 851(a)(2) provides, "An information may not be filed under this section if the increased punishment which may be imposed is imprisonment for a term in excess of three years unless the person either waived or was afforded prosecution by indictment for the offense for which such increased punishment may be imposed."  21 U.S.C. § 851(a)(2) (emphasis supplied).  This language clearly states that the instant offense should have been charged by indictment, not a prior qualifying offense.  Indeed, every other circuit has

16

so held. See United States v. Sanchez, 389 F.3d 271, 273 (1st Cir. 2004) (collecting cases). And because Appellant's federal convictions were charged by indictment, § 851(a)(2) is satisfied in this case. Therefore, we reject Appellant's contentions.

## IV.

We have reviewed Appellant's remaining arguments that the district court lacked the constitutional, statutory, and factual bases to enter the forfeiture order; the evidence presented at trial was insufficient to support the convictions; Appellant was unable to confront witnesses against him; he was erroneously denied a continuance to review discovery; and he was improperly denied CJA funds for an expert. Upon review of the record and the relevant authorities, we conclude these claims are without merit.

## V.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.