

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-19-2008

# USA v. Borrero

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5446

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Borrero" (2008). *2008 Decisions.* Paper 216.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/216

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-5446

UNITED STATES OF AMERICA
Appellee
v.

FELIX BORRERO,
Appellant

On Appeal from the Judgment of Sentence of the
United States District Court for the
Eastern District of Pennsylvania
D.C. Criminal No. 99-cr-00403
(Honorable Louis H. Pollak)

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 16, 2008

Before: McKEE and GARTH, *Circuit Judges*, and IRENAS, *District Judge**

(Filed November 19, 2008)

OPINION OF THE COURT

---

*The Honorable Joseph E. Irenas, Senior District Judge for the United States District Court for the District of New Jersey, sitting by designation.

McKee, *Circuit Judge*.

Felix Borrero appeals the sentence that the district court imposed upon accepting Borrero's guilty plea to conspiring to distribute more than 30 kilograms of heroin. Borrero's attorney has filed a motion to withdraw as counsel and has submitted a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that he has reviewed the record and found no non-frivolous issues for appeal. Borrero did not file a *pro se* brief. We will grant counsel's motion to withdraw and affirm the judgment of sentence.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Since we write primarily for the benefit of the parties who are familiar with this case, we need not recite the factual or procedural background except insofar as may be helpful to our brief discussion. Borrero admitted to several years of involvement with a heroin distribution organization. That involvement included conspiring to murder two other members of the organization. However, after he pled guilty, Borrero cooperated extensively with the government. His "substantial assistance" caused the government to file a motion for a downward departure pursuant to U.S.S.G. § 5K1.1 and for relief from the otherwise applicable mandatory minimum sentence pursuant to 18 U.S.C. § 3553(e).

After two lengthy sentencing hearings, Judge Pollak imposed a sentence of 30 years imprisonment followed by seven years of supervised release. That sentence was 15 years less than the sentence recommended by the United States Probation Office. The sentence was consistent with the government's recommendation of a sentence below the

2

otherwise applicable guidelines sentence of life imprisonment, but it was above the 20 year mandatory minimum to which he was exposed to.

Third Circuit Local Appellate Rule 109.2(a) provides that: "[w]here, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California . . . .*" When counsel submits an *Anders* brief, we must determine "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

In his *Anders* brief, counsel identifies two potential issues for appeal but concludes that both are frivolous. The two issues are: (1) whether the district court improperly enhanced Borrero's sentence under 21 U.S.C. § 851(a); and (2) whether the district court failed to properly consider the sentencing factors set forth in 18 U.S.C. § 3553(a). After independently reviewing the record, we agree with defense counsel's contention that neither of these issues has merit.

Borrero's sentence was not improperly enhanced pursuant to 18 U.S.C. § 851. As counsel correctly points out, the PSR did not rely upon any prior convictions in recommending that Borrero's sentence be enhanced, and the court did not rely upon that statute. Moreover, as we explained in *United States v. Lynch*, 158 F.3d 195, 197-98 (3d Cir. 1998), Borrero's argument misinterprets § 851.

3

Moreover, a careful review of the sentencing transcript makes clear that Judge Pollak carefully considered the sentencing factors set forth in § 3553(a). The district court considered all of the statutory factors, as well as the nature and extent of Borrero's cooperation with law enforcement. Moreover, the court expressly articulated its concern that the sentence not be any longer than appropriate to achieve the sentencing objectives. We therefore agree with defense counsel that Borrero has no meritorious challenge to the reasonableness of the sentence he received.

For the foregoing reasons, we will affirm the judgment of sentence. We will also grant defense counsel's motion to withdraw. There are no issues that require counsel to file a petition for writ of *certiorari* with the Supreme Court. *See* Third Circuit L.A.R. 109.2.